183 So.2d 193 (1966)
Bertram C. ELLISON, Petitioner,
v.
CITY OF FORT LAUDERDALE, a Municipal Corporation, Respondent.
No. 34210.
Supreme Court of Florida.
February 9, 1966.
Rehearing Denied March 9, 1966.
Morgan, Carratt & O'Connor, Fort Lauderdale, for petitioner.
C. Shelby Dale, James E. Edwards and William J. Lee, Fort Lauderdale, for respondent.
*194 DREW, Judge.
We are asked, by petition for certiorari, to take jurisdiction on the basis of alleged conflict to review a decision of the District Court of Appeal, Second District, rendered on February 19, 1965 and reported in 172 So.2d 867. The petitioner had sought, by common-law certiorari, to have the District Court review a decision of the Circuit Court for Broward County which affirmed a judgment of conviction entered against him by the Municipal Court of Fort Lauderdale. That court had convicted him of a violation of a city ordinance which prohibited the keeping of horses on land zoned R-O.
Petitioner owned a tract of land zoned R-O which he used for a kindergarten. On August 1, 1963 he placed thereon two ponies for the use of the kindergarten: a permissible use of R-O land at that date. On August 6, 1963 the City Commission amended Ordinance § 6-6 to prohibit the keeping of horses on land zoned R-O. The amendment was passed without public notice or hearing and three readings were held at the one Commission meeting. Petitioner was arrested for violation of Ordinance § 6-6, as amended, and convicted in Municipal Court.
At his hearing in Municipal Court petitioner raised the question of the validity of the amendment as a zoning ordinance passed without compliance with the notice requirements of F.S. § 176.05, F.S.A. and § 323, Charter, City of Fort Lauderdale,[1] and its validity as to him because of his prior non-conforming use. The Municipal Court held that the challenged ordinance was not a zoning ordinance and it was upheld on appeal to the Circuit Court. The latter stated that the ordinance could be construed either as a zoning restriction or as an exercise of the City's general police power relating to health, morals and general welfare and, therefore, petitioner had not sustained his burden of overcoming the presumption of validity which adhered to the trial court's decision.
The District Court held that it had no jurisdiction to review by common-law certiorari since this permits only an examination into the jurisdiction of courts below and the regularity of the procedural steps followed; that petitioner's claim that the lower court deviated from the essential requirements of law by upholding a conviction for which there was no lawful authority involves an examination into the "intrinsic correctness" of the circuit court's holding.
Petitioner alleges conflict between this decision and, inter alia, our holding in Dresner v. City of Tallahassee.[2]
In Dresner, in answer to questions certified to us from the Supreme Court of the United States[3] we said:
"We have held that a circuit court affirmance of a conviction obtained in a trial court of a lower echelon is subject to review by common law certiorari if such conviction was brought about by an unconstitutional ordinance."
The decision sub judice conflicts with our decision in Dresner and we have jurisdiction.
We pointed out in Dresner that since the establishment of the Florida District Courts of Appeal the authority to issue common-law writs of certiorari lies in these courts and the extent of their jurisdiction in this matter is governed by the precedents previously applicable to the Florida Supreme Court. Therefore, the District Court was in error in denying its *195 jurisdiction to issue such a writ in the instant case. We can, with the case in this posture, either remand to the District Court with directions to issue the writ or we can determine the whole matter here. However, it is the policy of this Court to avoid needless litigation and secure a final determination whenever possible.[4] In accordance with this principle we will examine the decision of the Circuit Court.
The Charter of the City of Fort Lauderdale, supra, empowers the City to make zoning regulations and defines its general powers to zone in § 319 as:
"General powers of City. For the purpose of promoting health, safety, morals, future development, or the general welfare of the community, the City Commission of City of Fort Lauderdale is hereby empowered to regulate the use of all real estate and improvements in the City * * *."
Clearly the restriction imposed by the ordinance in question is a use regulation.
It is true that zoning power is justified only as an exercise of the general police power[5] but this will not permit a municipality to evade the protections thrown about the citizen's use of his property by the legislative limitations imposed on the zoning power by the device of labeling a zoning act a mere exercise of police power.[6] Specific grants by the legislature always limit general grants. The specific grant of zoning power is conditioned by the provision for notice and public hearing.[7] Since the City Commission did not comply with the notice and public hearing provisions, the ordinance under which the petitioner was arrested and convicted was invalid. The judgment of affirmance in the Circuit Court should be, and hereby is, quashed.
THORNAL, C.J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
NOTES
[1] Laws of Fla., 1957, Spec. Acts, Ch. 57-1322, § 323.
[2] Fla. 1964, 164 So.2d 208.
[3] Dresner v. City of Tallahassee, 375 U.S. 136, 84 S.Ct. 235, 11 L.Ed.2d 208.
[4] Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594; P.C. Lissenden Co., Inc. v. Board of County Com'rs of Palm Beach County, Fla. 1959, 116 So.2d 632.
[5] 58 Am.Jur., Zoning § 18; State ex rel. Taylor v. City of Jacksonville, 1931, 101 Fla. 1241, 133 So. 114; State ex rel. S.A. Lynch Corporation v. Danner, 1947, 159 Fla. 874, 33 So.2d 45.
[6] City of Miami Beach v. State, Fla.App. 1959, 108 So.2d 614.
[7] F.S. § 176.05, F.S.A. and Charter, City of Fort Lauderdale § 323.