409 So.2d 1073 (1981)
The CITY OF SANIBEL, Florida, and Anne Winterbotham, Joseph Searing, Arthur Wykoff, Donald Manchester, William Hagerup, Larry E. Simon, As Successor to Judy Workman, and Louise Johnson, Constituting the Planning Commission of the City of Sanibel, Florida, and Bernard J. Murphy, Jr., City Manager, Appellants,
v.
Robert F. BUNTROCK and Charles R. Blakely, Jr., and Joyce Blakely, Husband and Wife, Appellees.
No. 81-499.
District Court of Appeal of Florida, Second District.
December 30, 1981.
Rehearing Denied February 8, 1982.
*1074 Neal D. Bowen, Sanibel, for appellants.
Robert L. Donald of Pavese, Shields, Garner, Haverfield, Kluttz & Cottrell, Cape Coral, for appellees.
PER CURIAM.
In this appeal we hold that a municipality must enact an ordinance declaring a building moratorium with the same formality required for an ordinance which rezones property.
The City of Sanibel has adopted a comprehensive land use plan which includes all of the traditional aspects of municipal zoning. Appellees Charles and Joyce Blakely owned land within the city which has a permitted use of restricted commercial. They contracted to sell their property to appellee Robert S. Buntrock contingent upon his obtaining the appropriate permits for the development of an office complex. In the meantime, the city enacted an ordinance placing a one year moratorium on the issuance of permits and approvals for commercial development. Except for the moratorium, Buntrock was in a position to obtain the requisite permits for the proposed complex. When the city refused to issue him a permit, he filed suit attacking the validity of the moratorium ordinance. Ultimately the court declared the ordinance invalid and directed the city to process Buntrock's application.
The basis for the court's ruling was that the city had not enacted the moratorium ordinance pursuant to the notice and hearing requirements of section 166.041(3)(c)1., Florida Statutes (1979),[1] that are applicable to ordinances "which rezone private real property."[2] The city concedes that it did not follow the procedure outlined in the statute but argues that it was unnecessary to do so because the moratorium ordinance did not constitute rezoning.[3]
A number of jurisdictions have decided this issue. Some states have held that a moratorium on the issuance of building permits pending zoning or rezoning may be accomplished without following the formalities required when the actual zoning or rezoning takes place. CEEED v. California Coastal Zone Conservation Commission, 43 Cal. App.3d 306, 118 Cal. Rptr. 315 (1974); A. Copeland Enterprises, Inc. v. City of New Orleans, 372 So.2d 764 (La. App. 1979); City of Dallas v. Crownrich, 506 S.W.2d 654 (Tex.Civ.App. 1974). Other courts, however, have struck down similar moratoria because they were not adopted with the same formality required of zoning or rezoning ordinances. State ex rel. Brodie v. Powers, 168 Conn. 147, 362 A.2d 884 (1975); Lancaster Development, Ltd. v. Village of River Forest, *1075 84 Ill. App.2d 395, 228 N.E.2d 526 (1967); State ex rel. Kramer v. Schwartz, 336 Mo. 932, 82 S.W.2d 63 (1935); State ex rel. Christian, Spring, Sielbach & Associates v. Miller, 169 Mont. 242, 545 P.2d 660 (1976); State ex rel. Fairmount Center Co. v. Arnold, 138 Ohio St. 259, 34 N.E.2d 777 (1941).
No Florida court has precisely answered the question, but two decisions suggest an inclination toward the latter view. In City of Miami Beach v. State ex rel. Fontainebleau Hotel Corp., 108 So.2d 614 (Fla. 3d DCA), cert. denied, 111 So.2d 437 (Fla. 1959), the city refused to issue a building permit for an addition to the Fontainebleau Hotel because of the enactment of an emergency amendment to the building code establishing certain height restrictions. The owners of the hotel contended that the ordinance was a zoning ordinance which the city could pass only after notice and a public hearing, neither of which had been accomplished with respect to the emergency amendment. The court agreed and declared the ordinance invalid for failure of the city to comply with the notice and hearing provisions of the zoning enabling act.
In Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966), the city had enacted an ordinance without public notice or hearing which prohibited the keeping of horses on land zoned R-O. An owner of land within the zone who had been convicted of violating the ordinance attacked the validity of its enactment. The lower appellate court upheld the trial court's finding that the challenged ordinance was not a zoning ordinance but rather "an exercise of the City's general police power relating to health, morals and general welfare." Id. at 194. In reversing the conviction, the supreme court said:
Clearly the restriction imposed by the ordinance in question is a use regulation.
It is true that zoning power is justified only as an exercise of the general police power but this will not permit a municipality to evade the protections thrown about the citizen's use of his property by the legislative limitations imposed on the zoning power by the device of labeling a zoning act a mere exercise of police power. Specific grants by the legislature always limit general grants. The specific grant of zoning power is conditioned by the provision for notice and public hearing. Since the City Commission did not comply with the notice and public hearing provisions, the ordinance under which the petitioner was arrested and convicted was invalid.
183 So.2d at 195.
Neither of these cases involved building moratoria. Yet the implication is clear. If an ordinance substantially affects land use, it must be enacted under the procedures which govern zoning and rezoning. To entirely prohibit a person from building upon his property even temporarily is a substantial restriction upon land use. Consequently, it is not too much to ask that a municipality follow the same procedures with respect to notice and hearing before it puts such a moratorium into effect.
AFFIRMED.
SCHEB, C.J., and HOBSON and GRIMES, JJ., concur.
NOTES
[1] Section 166.041(3)(c)1. applies to ordinances affecting less than 5% of the total land area of a city which was the case here.
[2] In adopting the ordinance in question, the city followed section 166.041(3)(a), Florida Statutes (1979), which prescribes the ordinary method for enacting ordinances. However, this section specifically excepts "rezoning" ordinances which must be enacted according to the procedure prescribed in section 166.041(3)(c). Section 166.041(3)(b) authorizes the adoption of emergency ordinances but stipulates that a municipality cannot use an emergency ordinance to amend a land use plan or rezone private real property.
[3] At one point in its brief, Sanibel contends that because it accomplishes its land use control through the vehicle of a comprehensive land use plan adopted under the authority of the Local Government Comprehensive Planning Act of 1975, section 166.041(3)(c) has no continuing efficacy in the City of Sanibel. It points to section 163.3211, Florida Statutes (1979), which provides that if the Act is in conflict with other laws relating to local governments having authority to regulate the development of land, its provisions "shall govern unless the provisions of this act are met or exceeded by other provision or provisions of law relating to local government." Significantly, however, Sanibel overlooks the fact that the procedure to be followed in amending a land use plan involving less than 5% of the total land area is the same as that set forth in section 166.041(3)(c)1. for rezoning. §§ 163.3187, .3184(7)(b), Fla. Stat. (1979).