447 So.2d 353 (1984)
Robert L. FOUNTAIN and Jo Ann Fountain, His Wife, Appellants,
v.
CITY OF JACKSONVILLE, Appellee.
No. AQ-317.
District Court of Appeal of Florida, First District.
March 8, 1984.
*354 David W. Foerster of David W. Foerster, P.A., Jacksonville, for appellants.
Dawson A. McQuaig, Gen. Counsel, William Lee Allen, Asst. Counsel, City of Jacksonville, for appellee.
SMITH, Judge.
Appellants urge that the City of Jacksonville's Air Installation Compatible Use Zone ordinance ("AICUZ"), Ordinance 78-256-271, should be found invalid for the following three reasons: (1) the City of Jacksonville did not strictly adhere to the special notice and hearing requirements for rezoning of land, as required by Section 166.041, Florida Statutes; (2) the land use restrictions imposed by the AICUZ ordinance are applied only to land surrounding military air installations in the Jacksonville area and not to any land in the vicinity of Jacksonville's municipal airports, as required by the ordinance, thus resulting in unequal treatment of property owners situated in the same zoning classifications; and (3) the AICUZ ordinance is an improper exercise of the police power since, in creating a benefit solely for the US Navy, it unconstitutionally takes or restricts property rights that may only be purchased through the government's exercise of the power of eminent domain. We agree with appellants' contention ((1) above) that the procedural prerequisites of Section 166.041[1] were not followed by the City of Jacksonville and, disposing of the case on this issue, find no need to reach the other constitutional arguments advanced. Reversed.
A threshhold question concerns appellants' right to appellate review. The judgment appealed from actually granted relief favorable to appellants by declaring the ordinance invalid as applied to appellants. However, appellants sought a ruling below and they contend here that the ordinance is fundamentally invalid. The question is whether appellants must be content with "half a loaf." We answer in the negative.
Under the declaratory judgment statute, the right of review is governed by the same principles as govern other actions, and an appeal may be prosecuted only from a decree adverse to the appellant. North Shore Bank v. Town of Surfside, 72 So.2d 659 (Fla. 1954). A party may, however, appeal when he is "aggrieved by the judgment," even though it is in his favor. 3 Fla.Jur.2d, Appellate Review, § 19; and see State Road Department v. Zetrover, 105 Fla. 650, 142 So. 217, 218 (1932) (where judgment "void or otherwise in such condition that it is unjust or injurious to the party securing it.") See, also Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927); Credit Industrial Company v. ReMark Chemical Co., 67 So.2d 540 (Fla. 1953). Although the judgment below enjoined enforcement of the ordinance as to the plaintiff-appellants, it did not eliminate the burden of the ordinance as an impediment to the use and enjoyment of the property by appellants' successors in interest. So long as the ordinance remains in effect, appellants' will suffer a deprivation, to some degree, in their rights with respect to their property. We conclude that appellants under these circumstances *355 are sufficiently aggrieved to be entitled to appeal.
Appellants' cause of action grew out of the City's denial of their application for a variance under the AICUZ ordinance to place a mobile home on their property located in the vicinity of Cecil Field, a naval air installation in Jacksonville, without modifications to provide a noise level reduction within the structure. The property is zoned open rural (OR), which ordinarily permits residential use of one single-family dwelling unit per one and one-half acres of land with no other applicable restrictions. The AICUZ ordinance, however, imposes further restrictions upon the use of lands within the districts impacted by the ordinance by means of an "overlay zone." Our concern, however, in determining whether the ordinance is a zoning ordinance, is not with semantics but rather with what practical impact these "overlay zones" have on appellants and others' lands situated within those zones.
The City concedes that if the ordinance is a zoning ordinance notice was inadequate under Chapter 166[2] but contends that the ordinance is more akin to a building code, for which the same notice requirements are not imposed. We disagree and find that the ordinance was intended to control development and land use in the vicinity of airports and not merely to impose standards for the construction of buildings otherwise permitted under the existing zoning classifications. The ordinance itself is included in the City's zoning code and its very title (quoted below in part) indicates that it is something more than a building code:
ORDINANCE 78-256-271
AN ORDINANCE RELATING TO LAND USE REGULATIONS AND PARTICULARLY TO LAND USE COMPATABILITY IN THE VICINITY OF AIRPORTS: ... AMENDING PART 11 OF CHAPTER 708 (ZONING CODE) OF THE ORDINANCE CODE OF THE CITY OF JACKSONVILLE BY PROVIDING ADDITIONAL DEFINITIONS, ESTABLISHING REGULATIONS APPLICABLE TO ESTABLISHED NOISE AND ACCIDENT POTENTIAL ZONES AND ESTABLISHING REGULATIONS APPLICABLE TO ESTABLISHED AIRPORT HEIGHT ZONES... .
Further, although an AICUZ district is termed an "overlay zone," it nevertheless imposes restrictions upon the land overlaid that are not contemplated by the underlying zoning, which remains unchanged. As appellants point out, a substantial portion of the land in such areas is zoned "open rural," and this classification permits, among other things, a single-family dwelling on one and one-half acres of land, as is appellants' parcel. The AICUZ overlay zones, however, generally prohibit single-family dwellings and in several of the zones such dwellings are permitted only if they meet certain sound reduction standards. Thus, the AICUZ overlay prohibits a use which is otherwise permitted by the underlying zoning, and the mere fact that it has or may have an incidental effect on construction codes does not alter its fundamental nature as an amendatory zoning *356 ordinance.[3] And since this ordinance does, in fact, constitute an amendatory zoning ordinance, see, e.g., City of Sanibel v. Buntrock, 409 So.2d 1073 (Fla. 2nd DCA 1981), the ACIUZ ordinance must be deemed null and void because of the City's failure to comply with the procedural requirements of Section 166.041.
REVERSED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] Section 166.041(3)(c), Florida Statutes (1978), provides for a notice and hearing procedure before adoption of an ordinance rezoning specific parcels of private real property, and paragraph 2. of subsection (c) provides for more stringent procedures when the proposed ordinance deals with more than 5 percent of the total land area of the municipality, as does the ordinance under consideration here. These procedures were not followed.
[2] As to whether the failure to follow statutory notice requirements renders an ordinance invalid, the rule is summarized in 96 ALR2d 449 annotation, "Zoning Ordinance  Notice Requirements," at 455-456:

Regardless of the type of notice called for by the statute, the basic requirement that notice be given is uniformly held to impose upon the zoning authority a mandatory duty to give it, in default of which jurisdiction to pass valid zoning measures is lacking. The rule that compliance with the statute is mandatory and of cases and appears to prevail in every jurisdiction where the question has been presented... .
Florida follows the majority view, under which measures passed in contravention of notice requirements are invalid. Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); Malley v. Clay County Zoning Commission, 225 So.2d 555 (Fla. 1st DCA 1969); City of Gainesville v. GNV Investments, Inc., 413 So.2d 770 (Fla. 1st DCA 1982); City of Sanibel v. Buntrock, 409 So.2d 1073 (Fla. 2nd DCA 1981).
[3] The city's brief suggests, without fully developing an argument on the point, that since the evidence shows only that the ordinance affects appellants' property in the same way as would a building code provision, appellants have failed to establish a rezoning of their property. Whether or not this may be true, we do not view this as a basis upon which to deny appellants right to have the ordinance declared void, on due process grounds, because it was enacted without compliance with statutory requirements. Since appellants are injuriously affected by a portion of the ordinance, the rule applied in Hardage v. City of Jacksonville Beach, 399 So.2d 1077, 1079 (Fla. 1st DCA 1981) (to have standing to challenge portion of an ordinance, party must be affected by that portion he seeks to attack), cited by the city, is inapplicable.