473 So.2d 304 (1985)
James C. DAVID, Eric Zimmerman and McDonald's Corporation, D/B/a McDonald's Corporation, a Delaware Corporation (As Successor in Interest by Merger to Franchise Realty Interstate Corporation, Formerly an Illinois Corporation), Authorized to Do Business in the State of Florida, Appellants,
v.
CITY OF DUNEDIN, Florida, a Municipal Corporation of the State of Florida; and Mary Bonner, John Cella, David F. Ramsey, Donald Shaffer, and Manuel G. Koutsourais, As Mayor and City Commissioners, Respectively; and Parwez Alam, As City Manager; Gilbert Levy, Allen Bomstein, Rod Collman, Vincent Crawford, Norman Lancaster, Mary Jane Pfost, and Deborah Kynes, As Members of the Code Enforcement Board of the City of Dunedin, Florida; and Jack Wynne, As Sign Code Inspector of the City of Dunedin, Florida, Appellees.
No. 84-1569.
District Court of Appeal of Florida, Second District.
August 7, 1985.
*305 H.H. Baskin, Jr., of Law Offices of Baskin & Bennison, Clearwater, for appellants.
J. Michael Hussey of Frazer & Hubbard, P.A., Dunedin, for appellee Code Enforcement Bd.
Robert J. Kelly of Brandt & Kelly, Dunedin, for appellee City of Dunedin, Florida.
OTT, Judge.
Appellants, plaintiffs below, appeal a nonfinal order denying their notice and application for a temporary injunction which sought to restrain appellees from enforcing a sign ordinance. We hold that the ordinance under which appellants were cited was not adopted in accordance with the applicable statutes; therefore, we reverse the trial court's order and remand with directions to issue the injunction.
Appellants erected a "Golden Arches" sign structure and other customary McDonald's Hamburgers signs on April 21, 1971. On July 10, 1972, the City of Dunedin enacted Ordinance No. 72-25, which down-zoned the permitted sign code uses in plaintiffs' business zone. The allowable sign area was reduced from 339 to 108.5 square feet, and the allowable height of the ground-mounted "Golden Arches" was reduced from 22 to 20 feet. Appellants have asserted that their sign and structure became nonconforming uses according to law.
Ordinance No. 72-25 contained an amortization and removal provision which allowed owners of such grandfathered signs five years from July 10, 1972, to bring the signs into compliance with the sign code. This provision was retroactively amended by Ordinance No. 77-48 (now section 3-24 of the City of Dunedin Sign Code) on October 3, 1977. The amendment allows owners of grandfathered signs six years from July 10, 1972 (passage date of Ordinance No. 72-25), within which to remove any nonconformities.
Ordinance No. 77-48 repealed the sign area measurement requirement of former Ordinance No. 72-25 and adopted a slightly larger measurement based upon 1 3/4 square feet rather than 1 1/2 square feet allowable sign area for each lineal foot of building, not to exceed 200 square feet of total sign area.
On May 23, 1984, the city sign inspector noticed appellants and cited them for alleged violations of the Dunedin Sign Code based upon the fact that the amortization period allowed by section 3-24 of the code had expired. Because the entire sign area at appellants' restaurant exceeded the allowable area and height permitted in the business zone, the inspector gave appellants until June 6 within which to remove the same. Appellants failed to comply with the notice. The Dunedin Code Enforcement Board issued its citations for appellants to appear at its enforcement hearing on July 11, 1984.
On July 5, appellants filed appeals of the inspector's notice of violation to the Sign Code Board of Appeals and the Board of Adjustment and Appeals. Both of these appeals were based upon an allegation that the inspector erred in determining that appellants were in violation of the specific code provisions he cited on May 23, 1984. Each of these appeals stayed any action before the Board.
On July 10, 1984, appellants sought to restrain the enforcement hearing by filing suit for injunction in circuit court. Paragraphs nine and seventeen of appellants' sworn complaint for injunction were a general attack upon the validity of the adoption of Ordinance No. 77-48. Appellants' proof before the trial court established, *306 without objection or contradiction, that neither Ordinance No. 72-25 nor No. 77-48 had been legally adopted in accordance with sections 166.041(3)(c)(1) and (2), Florida Statutes (1977) (formerly sections 176.05 and .06, Florida Statutes (1971)).
The trial court refused to restrain the Board and denied the temporary injunction. The order was entered on July 11, prior to the time of the Code Enforcement Board hearing. Appellants filed their notices of appeal and concurrently obtained a stay order from the trial court. Thus, the Dunedin Code Enforcement Board hearing set for later the same day was cancelled.
Appellants proved in the trial court, without contradiction from appellees, that the ordinance under which appellants were cited and its predecessor were enacted in violation of the notice provisions of the above-cited statutes. Appellees as much as concede this point in their brief on appeal. Inasmuch as Ordinance No. 72-75, as amended by Ordinance No. 77-48, seeks to regulate "all exterior signs, so as to protect health and safety and to promote the public," Dunedin, Fla., Code § 3-13 (1972), the ordinance and its amendment are zoning ordinances which are null and void if not strictly enacted pursuant to the requirements of section 166.041 (formerly sections 176.05 and.06). See Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 1st DCA 1984).
Despite appellees' argument to the contrary, appellants may make a general attack on the validity of the ordinance through an injunction in circuit court, without exhausting their administrative remedies, City of Miami Beach v. Perell, 52 So.2d 906 (Fla. 1951), and without alleging special damages, see Renard v. Dade County, 261 So.2d 832 (Fla. 1972) (any affected resident, citizen, or property owner of governmental unit in question has standing to challenge zoning ordinance which is void because not properly enacted); Kelner v. City of Miami Beach, 252 So.2d 870 (Fla. 3d DCA 1971), aff'd sub nom. S.P.J. Corp. v. Kelner, 268 So.2d 373 (Fla. 1972) (property owners could seek to challenge allegedly invalid variances and building permits via injunctive relief even though special damages were not alleged). Appellees do not contend that appellants are not property owners or citizens who should have been given notice pursuant to applicable statutes.
Accordingly, we hold that because appellants proved that the ordinance under which they were cited and its predecessor were invalidly enacted, the trial court erred in refusing to issue the injunction to restrain appellees from enforcing the ordinances. Therefore, the trial court's order denying appellants' application for the injunction is reversed, and the cause is remanded to the trial court with directions to issue the injunction.
REVERSED and REMANDED with instructions.
RYDER, C.J., and THOMPSON, JAMES R., Associate Judge, concur.