507 So.2d 768 (1987)
BAYWOOD CONSTRUCTION, INC., and Charles E. Fletcher, Appellants,
v.
The CITY OF CAPE CORAL, Appellee.
No. 86-2439.
District Court of Appeal of Florida, Second District.
May 22, 1987.
Thomas E. Shipp, Jr. of Turk & Shipp, Cape Coral, for appellants.
William M. Powell, City Atty., and Philip N. Sherwin, Asst. City Atty., Cape Coral, for appellee.
SCHOONOVER, Judge.
Appellants, Baywood Construction, Inc., and Charles E. Fletcher, appeal a partial final declaratory judgment determining that Cape Coral Ordinance 63-80 was properly enacted and, therefore, is valid. We affirm.
In 1980, Cape Coral passed ordinance 63-80 establishing a utility (water and sewer) capital expansion fee. The ordinance requires the fee to be paid at the time the installation fee for a new water meter is paid. The ordinance further provides that if sewer service is not available, the fee for waste water is not due until the sewer service is extended to the property involved. The revenue from the ordinance must be used only for the capital expansion of utility facilities.
Appellants filed an action seeking a declaratory judgment that the ordinance was null and void and that they were entitled to a refund of the fees that they had paid pursuant to the requirements of the ordinance. The appellants did not attack the substance of the ordinance but instead contended that the ordinance established an impact fee. They argued that impact fee ordinances are, by their nature, intent, substantial effect and practical impact, actually land use and development regulations which must be enacted pursuant to the procedures set forth in section 166.041(3)(c)(2), *769 Florida Statutes (1979). In response to cross-motions for summary judgment, the court found that ordinance 63-80 is not of such a nature as to have required that it be enacted in compliance with section 166.041(3)(c)(2) and entered a judgment for Cape Coral. This timely appeal followed.
As mentioned above, appellants do not contend that Cape Coral's water and sewer expansion ordinance is invalid because of the way it is written or because it omitted any provisions crucial to its validity. See Contractors and Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976). They do contend, however, that the ordinance was improperly adopted and that it, therefore, is null and void.
The record reflects that in adopting the ordinance under consideration, the city followed section 166.041(3)(a), Florida Statutes (1979). This section sets forth the ordinary procedures which must be followed in adopting a municipal ordinance other than one which rezones private real property. A rezoning ordinance must be adopted by following the stricter procedures set forth in section 166.041(3)(c)(2). This court has held that zoning ordinances are null and void if not strictly enacted pursuant to the requirements of section 166.041. David v. City of Dunedin, 473 So.2d 304 (Fla.2d DCA 1985). We have also held that if an ordinance substantially affects land use, it must be enacted under the procedures which govern zoning and rezoning, i.e., section 166.041(3)(c)(2). City of Sanibel v. Buntrock, 409 So.2d 1073 (Fla.2d DCA), petition for review denied, 417 So.2d 328 (Fla. 1982).
We agree with the trial court's determination that ordinance 63-80 did not have to be enacted pursuant to the requirements of section 166.041(3)(c)(2). A valid impact fee ordinance enacted for the purpose of capital expansion is not a zoning ordinance, and the imposition of a fee for this purpose does not substantially restrict the use of one's property. See Buntrock. Such an ordinance, therefore, may be properly adopted by using the procedure set forth in section 166.041(3)(a).
Affirmed.
SCHEB, A.C.J., and CAMPBELL, J., concur.