539 So.2d 597 (1989)
DAYTONA LEISURE CORP., Appellant,
v.
The CITY OF DAYTONA BEACH, Florida, Appellee.
No. 89-378.
District Court of Appeal of Florida, Fifth District.
March 10, 1989.
*598 C. Allen Watts and Robert A. Merrell, III, Daytona Beach, for appellant.
Frank B. Gummey, III, Daytona Beach, for appellee.
COBB, Judge.
The appellant, Daytona Leisure Corporation, seeks expedited appellate relief from the denial by the circuit court of its application for injunctive relief against the City of Daytona Beach from enforcement of an emergency zoning ordinance. Daytona Leisure planned to open an entertainment facility on a parcel of property located at the corner of Grandview and Glenview Avenue in Daytona Beach, Florida. A contract to purchase this property was executed on December 27, 1988, and was conditioned upon the zoning being proper to permit the serving of alcoholic beverages on the premises. The total purchase price was $375,000.00.
In order to be sure that the current zoning would support the intended use, agents of Daytona Leisure contacted a city zoning official at the building department who gave assurances that the property in question was within the proper zoning. Prior to closing on February 2, 1989, Daytona Leisure received written verification on a liquor license application from the City's zoning officer (one Paul McKitrick) on January 27, 1989, that the property in question did comply with zoning requirements for the sale of alcoholic beverages. Altogether the various work contracted for, and the commitments undertaken, represented a gross investment by Daytona Leisure of some $800,000.00. This amount is not controverted by the City.
On January 12, 1989, Daytona Leisure submitted a building permit application to remodel a building located on the property. Three days later, it applied for a re-roofing permit which was granted by the City. On approximately January 20, 1989, an official of the City advised Daytona Leisure that an additional permit was needed in order to repair structural portions of the building. Because of this, the City halted construction on the property at that time. On January 27, 1989, Daytona Leisure received comments from the City in response to the January 12th application. The last paragraph stated that after revised plans were submitted to show corrections, a building permit "may be obtained." Daytona Leisure has subsequently submitted a revised application to the City with the requested corrections. On January 30, 1989 Daytona Leisure submitted a plan for the repair of the roof structure and was issued a separate building permit for that purpose.
On February 2, 1989, Daytona Leisure closed on the property. On February 8, 1989, the City passed "Emergency Ordinance" 89-31, which created a new zoning provision numbered 1.8.[1] At the time the ordinance was passed, the only pending application for a building permit before the *599 City was the application of Daytona Leisure. While a planning board had been discussing the possibility of such an ordinance since November of 1988, Daytona Leisure was not given any notice of the emergency ordinance nor any opportunity to make comments.
Daytona Leisure filed a complaint for a temporary and permanent injunction to prevent the City from applying Ordinance 89-31 to its property. A final hearing was held on February 17, 1989, and the Circuit Court entered a final judgment denying Daytona Leisure's request for injunctive relief. That judgment has been appealed and afforded expeditious consideration.
Daytona Leisure contends that the emergency ordinance is legally defective and void because it is a zoning ordinance, and, as such, was enacted without providing notice and an opportunity to be heard as required under section 166.041(3)(c), Florida Statutes (1987).[2] It also contends that equitable estoppel should apply against the City. The City, on the other hand, argues that Daytona Leisure did not rely in good faith upon any act or omission of the City in either purchasing the property or contracting improvements or licenses for it; that Daytona Leisure was on at least constructive notice of a pending zoning amendment prior to incurring its financial commitments; and that Ordinance 89-31 was validly enacted as an emergency ordinance because it did not rezone Daytona Leisure's property or substantially change a permitted use category in the particular zone.
We find the procedural issue dispositive of this appeal. In regard to that issue, the City is patently wrong. Ordinance 89-31 does substantially change the permitted use of Daytona Leisure's property: it prohibits the sale or dispensing of alcoholic beverages for consumption on the premises, which previously was permitted. It is sheer sophistry to say this is not a substantial change in a use previously permitted to the owner of property who is actively constructing an entertainment facility thereon to the tune of $800,000.00 or more. The City's reliance on section 166.041(3)(b), which authorizes the adoption of emergency ordinances, is misplaced; that statute expressly provides that "no emergency ordinance shall be enacted which enacts or amends a land use plan or which rezones private real property." See Baywood Construction, Inc. v. City of Cape Coral, 507 So.2d 768, 769 (Fla. 2d DCA), review denied, 513 So.2d 1060 (Fla. 1987); City of Sanibel v. Buntrock, 409 So.2d 1073 (Fla. 2d DCA), review denied, 417 So.2d 328 (Fla. 1982).
Florida follows the majority view whereby measures passed in contravention of notice requirements are invalid (null and void if not strictly enacted pursuant to the requirement of section 166.041). Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 1st DCA 1984); City of Gainesville v. G.N.V. Investments, 413 So.2d 770 (Fla. 1st DCA 1982); Buntrock; Malley v. Clay County Zoning Commission, 225 So.2d 555 (Fla. 1st DCA 1969). Where an ordinance substantially affects land use (substantially changes permitted use categories) or rezones specific parcels of private real property, it must be enacted under the procedures that govern zoning and rezoning, i.e., section 166.041(3)(c). Baywood Construction.
Given our determination of the procedural issue, we need not address the estoppel issue. We note, however, that prior to passage of the invalid emergency ordinance, substantial expenditures and obligations were incurred by Daytona Leisure. See Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976); Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963); The Florida Companies v. Orange County, Florida, 411 So.2d 1008, 1010 (Fla. 5th DCA 1982); Town of Largo *600 v. Imperial Homes Corp., 309 So.2d 571 (Fla. 2d DCA 1975).
Accordingly, we reverse the trial court's final judgment and remand with directions to the trial court to issue the injunction. No motion for rehearing will be entertained and the mandate shall issue forthwith.
DANIEL and GOSHORN, JJ., concur.
NOTES
[1] 1.8 Restaurants and Cocktail Lounges

All businesses including restaurants and cocktail lounges which sell and dispense alcoholic beverages for consumption by patrons on the premises from which they are sold or dispensed are prohibited within 200 feet of any property that is zoned residential except such property which is zoned RP (Residential Professional District). The two hundred foot separation shall be measured from the nearest point of the property line of the business use to the nearest point of the property line of the residentially zoned property.
[2] Under this section, ordinances which rezone specific parcels of private real property or which substantially change the permitted use categories in zoning districts must be enacted with specific procedures. Where the proposed rezoning or change in permitted use involves less than 5% of the total land area of the municipality, notice to affected property owners and one public hearing are required. In cases in which the proposed ordinance deals with more than 5% of the total land area of the municipality, stricter procedures must be followed.