## REDNER, et al. v CITY OF TAMPA

### Case No. 89-15392

Thirteenth Judicial Circuit, Hillsborough County

May 22, 1991

**APPEARANCES OF COUNSEL**

**Luke C. Lirot, Esquire,** for appellants.

**Michael A. Fogarty, Esquire, Linda Julin McNamara, Esquire,** and **Michael Larrinaga, Esquire,** for appellee.

Before RICHARD A. LAZZARA, Circuit Judge.

**OPINION OF THE COURT**

In accordance with the opinion of *City of Tampa v Redner,* 576

So.2d 339 (Fla. 2d DCA 1991), this Court has revisited this case and renders the following opinion using Chapter 43A of the City of Tampa Zoning Code as originally enacted in Ordinance 8482-A.[1]

The Appellants stand convicted of violating the adult use provisions of Chapter 43A of the Tampa Zoning Code. They have mounted a multi-pronged attack in an effort to overturn their convictions.[2] The Court has carefully reviewed their contentions and determines that it is appropriate to address only one issue[3] —was it required by law that Ordinance 8482-A, which created Chapter 43A of the Tampa Zoning Code, be enacted in accordance with the notice and public hearing requirements of section 166.041(3)(c), Fla. Stat. (1983)?[4]

The predecessor ordinance regulating adult uses of the type at issue

---

[1] At a status hearing held on May 10, 1991 the Appellee provided the Court with a copy of Ordinance 8482-A. This copy has been filed of record in the Appendix to this opinion and references to it will be noted as (App —). At this hearing the Court also considered the Appellee's motion to remand the case to the Trial Court for the taking of additional evidence and testimony. After the Court denied this motion on May 16, 1991, the Appellee by letter dated May 20, 1991 requested leave of the parties to file supplemental briefs or, in the alternative, to have the Court consider the briefs of the parties filed in connection with the Appellee's Petition for Writ of Certiorari to the Second District Court of Appeal. The Court by Order dated May 21, 1991 denied the primary request but granted the alternative request. The briefs reviewed have also been filed of record.

[2] The Appellants took a similar approach before the Trial Court and filed comprehensive motions to dismiss. (R 350-355; 373-378; 387-392 and 401-406) The Trial Court denied these motions. (R 446-461) Thereafter, the Appellant Redner was found guilty by a jury and Appellants Burns and Fernandez pled nollo contendere reserving their rights to appeal the denial of their motions to dismiss. Because of the common issues involved, their appeals were consolidated. (R 462-464)

[3] An opinion was rendered on May 8, 1990 in the case of *Redner v State of Florida*, Appellate Case No. 89-4992, by another Circuit Judge in this judicial circuit sitting in his appellate capacity. The record in that appeal, which the Trial Court considered in this case and which this Court has also reviewed (see n.9 *infra0*, has been referenced by the parties in their briefs, with the Appellee referring to it as "Redner I". To the extent that this opinion addressed and resolved the same common issues raised in this appeal, except the one specifically resolved by this Court, the Court adopts it as its own.

[4] Under this section, ordinances which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts must be enacted with specific procedures. Where the proposed rezoning or change in permitted use involves less than 5% of the land area of the municipality, notice to affected property owners and one public hearing are required. In cases in which the proposed ordinance deals with more than 5% of the total land area of the municipality, stricter procedures must be followed, one of which is that two public hearings be held. *Daytona Leisure Corporation v Daytona Beach*, 539 So.2d 597, 599, n.2 (Fla. 5th DCA 1989).

in this appeal was originally part of Chapter 43 of the Tampa Zoning Code. It was adopted on September 30, 1982 as Ordinance 8068-A. (R 795-798)

On February 17, 1984 Ordinance 8482-A was adopted. This ordinance promulgated a new zoning code for the City of Tampa which was denominated Chapter 43A. (R 647-648) It also contained provisions regulating adult uses. (App Sections 43A-68 and 43A-84) Although this new code was not to take effect immediately and was not applicable to the locations of the adult uses which constitute the basis of the Appellants' convictions until December 17, 1987,[5] the intent of the new zoning code was clear—"to establish and control land use regulations for the City of Tampa, except the Central Business District." (R 647)

The Appellants contend that Ordinance 8482-A which created Chapter 43A was not enacted in compliance with section 166.041(3)(c) and is invalid. The Appellee concedes that it did not utilize the requirements of this statutory subsection but instead followed the requirements of section 166.041(3)(a), Fla. Stat. (1983), which is all the law required because the new zoning code was not designed to take effect immediately and thus did not rezone property or change any permitted uses within a zoning district. Moreover, the Appellee argues that prior to the time Chapter 43A was in fact made specifically applicable to Appellants' adult uses by Ordinance 9880-A, the more stringent requirements of section 166.041(3)(c) were followed, a fact the Appellants do not dispute.

The issue for this Court's resolution is whether Ordinance 8482-A which created Chapter 43A of the Tampa Zoning Code, was a zoning ordinance within the meaning of section 166.041(3)(c)? If it was such a zoning ordinance then the City of Tampa was required to follow the stricter requirements of this statutory subsection and its failure to do so invalidates the Appellants' convictions in that they were convicted of violating provisions of the zoning code which were null and void. *Baywood Construction, Inc. v City of Cape Coral,* 507 So.2d 768 (Fla. 2d DCA 1987), *David v City of Dunedin,* 473 So.2d 304 (Fla. 2d DCA 1985) and *City of Sanibel v Buntrock,* 409 So.2d 1073 (Fla. 2d DCA 1981), *pet. for rev. denied,* 417 So.2d 328 (Fla. 1982).

The Appellee's position is that all Ordinance 8482-A did was to

---

[5] Ordinance 9880-A specifically applied the provisions of Chapter 43A to the property on which the adult uses at issue were located. Prior to the enactment of this ordinance, the provisions of Chapter 43 continued to regulate the use of these properties (R 647-648)

change the text of the Tampa Zoning Code by adopting a "new zoning framework for future application" and left for another day its actual application to land use within the city on a quadrant by quadrant basis. (Brief of Appellee, pg.24) Thus, the Appellee concludes, because the ordinance did not have an immediate effect it did not rezone property or change any permitted uses within a zoning district and Section 166.041(3)(c) did not have to be utilized. The Trial Court adopted this argument in denying the Appellant's motions to dismiss. (R 447-452) This Court respectfully disagrees with the conclusions of the Trial Court and determines that the Trial Court erred in denying the Appellants' motions to dismiss as to this issue.

There is no question that Ordinance 8482-A established Chapter 43A as an amendatory zoning code and is in fact a zoning ordinance. Indeed, its very title indicates that fact. (R 647) *Fountain v City of Jacksonville,* 447 So.2d 353, 355-356 (Fla. 1st DCA 1984). There is no question that Ordinance 8482-A substantially affected land use within the jurisdiction of the City of Tampa, except the Central Business District. (App Sections 43A-6-12) *City of Sanibel v Buntrock, supra,* pg. 1075. There is no question that Ordinance 8482-A divided the City of Tampa, with the exception of the Central Business District, into zoning districts, defined and established those districts, and provided regulations for land usage within those districts. (App Sections 43A-16 and 43A-35) Hence, the ordinance had the effect of rezoning specific parcels of private real property within the city. *Dayton Leisure Corporation v Daytona Beach, supra,* pg. 599. The only question is whether, because the actual application of Ordinance 8482-A was delayed until another day, it was still necessary to comply with the provisions of section 166.041(3)(c)? The Court concludes based on the record and the applicable law that the answer to this question is yes for the following reasons:

First, to accept the Appellee's argument would be contrary to the manifest intent of the legislature in promulgating section 166.041(3)(c). The legislature made it quite clear that when a municipality "initiates" an ordinance[6] of the type at issue in this case, it must strictly satisfy the requirements of that statutory subsection. The use of the word "initiated" in section 166.041(3)(c) is significant under the law. Although the legislature failed to define this term, this Court may resort to case law for the definition. *State v Hagan,* 387 So.2d 943 (Fla. 1980)

---

[6] Section 166.041(1)(a), Fla. Stat. (1983), defined ordinance as "an official legislative action of a governing body, which action is a regulation of a general and permanent nature and enforceable as a local law." There is no contention that Ordinance 8482-A is not such an ordinance.

and *Bertens v Stewart,* 453 So.2d 92 (Fla. 2d DCA 1984). In *State v Grant,* 85 So.2d 232, 234 (Fla. 1956) the word "initiate" is defined as follows:

> The word "initiate" is defined by Webster to mean "to introduce by a first act; to make a beginning with; to set afoot; to originate; commence; begin".

Given this definition, there can be no question that Ordinance 8482-A was an ordinance "initiated" by the City of Tampa in that it was the beginning, the commencement, and the origination of a new zoning code for the city. There is nothing in the statute to indicate that an ordinance such as this which is "initiated" but whose actual application is to take effect in the future is exempted from the statutory requirements. And it is not the function of this Court to engraft exceptions to a statute; that is the exclusive province of the legislature.

Second, as the statute has been interpreted, the law is clear; "zoning ordinances are null and void if not strictly enacted pursuant to the requirements of section 166.041. *David v City of Dunedin,* 473 So.2d 304 (Fla. 2d DCA 1985)." *Baywood Construction, Inc. v City of Cape Coral, supra,* pg. 769. *Fountain v City of Jacksonville, supra,* pg. 356. Based on the record considered by the Trial Court, Ordinance 8482-A is a zoning ordinance which substantially changed permitted use categories in zoning districts. Indeed, the Trial Court had before it a "Stipulation of Facts" entered into between the Appellee and Appellants which related in part to the "Improper Enactment" issue raised in the motions to dismiss. In that stipulation, the Appellee agreed as follows:

### 3. IMPROPER ENACTMENT—C. 166 F.S.

1. Chapter 43-A, City of Tampa Code, is the City's Zoning Code.

2. Chapter 43-A was adopted by Ordinance 8482-A.

\* \* \*

5. There are *material differences* between the permitted uses, and the standards for permitted uses, between the zoning districts in Chapter 43 and the generally corresponding districts in Chapter 43-A.

6. *Ordinance 8482-A is a zoning ordinance.*

7. Adoption of Zoning Ordinances by the City of Tampa is governed by Chapter 166, Florida Statutes, both by reference and by adoption of the provisions of Chapter 166 into the City Charter.

8. *Ordinance 8482-A applies to more than 5% of [sic] geographic area of the City of Tampa.*

(R 227 and 414) (emphasis supplied)

Based on this stipulation alone, section 166.041(3)(c) was clearly implicated when the City of Tampa "initiated" Ordinance 8482-A.

Third, the Appellee conceded to the Trial Court that when the zoning text was being considered for actual application to an individual's piece of property at the later public quadrant rezoning hearings held in accordance with the provisions of Section 166.041(3)(c), such an individual would have to petition the City Council "for an amendment to Chapter 43-A, which would not be done at the area-wide public hearing". (R 232-233) Thus it is logical to conclude that at the time of these later public hearings the zoning text of Chapter 43A was "cast in stone" and a member of the general public who objected to any of its provisions could not effect any change at these hearings but would be limited to petitioning the Tampa City Council *de novo* for an amendment to the already adopted zoning text.[7]

Moreover, the text of Ordinance 8482-A was the *sine qua non* for the later quadrant rezonings. That is, without the textural foundation of the ordinance no quadrant rezonings could have been effected. Indeed, section 5 of the preamble to the ordinance reflects that premise: "That, until property within the City is *rezoned to the districts* established by this ordinance. . ." (R 647) (emphasis supplied)

Fourth, as the Attorney General of Florida so succinctly stated in Opinion 80-104:

Thus, any amendment to the *"substantive provisions"* or *"general text"* of a zoning ordinance which has the effect of changing or altering existing uses or restrictions or existing regulations of land or

---

[7] The appellate courts of this State have made it quite clear that the notice and public hearing requirements of this statutory subsection are not hollow or meaningless rights. In that regard, as the Court in *Daytona Leisure Corporation v Daytona Beach, supra,* stated:

Florida follows the majority view whereby measures passed in contravention of notice requirements are invalid (null and void if not strictly enacted pursuant to the requirement of section 166.041). (Cites omitted) Where an ordinance substantially affects land use (substantially changes permitted use categories) or rezones specific parcels of private real property, it must be enacted under the procedures that govern zoning and rezoning, i.e., section 166.041(3)(c). (Cite omitted) 539 So.2d 599.

74

permissible activities thereon within designated zones or districts is a type of rezoning. (emphasis supplied)[8]

It is significant that this opinion was in response to an inquiry (acknowledged by the Attorney General to be somewhat unclear in nature) from the City of Ocala regarding whether the special notice requirements of section 166.041(3)(c) must be followed if the city sought to change "either the procedural or *substantive provisions*" of its municipal zoning code "that might affect all *future* petitions to rezone private property but having no *immediate effect* on any pending proceeding to zone or rezone private property." (emphasis supplied)

Finally, the Trial Court's finding based on the record that Ordinance 8482-A did not constitute a rezoning of property conflicts with *Troup v Bird,* 53 So.2d 717 (Fla. 1951), cited in the Attorney General's Opinion. The Supreme Court legally defined rezoning as follows:

> . . . in a legal sense, rezoning ordinarily contemplates a change in existing zoning rules and regulations within a district, subdivision or other comparatively large area in a given governmental unit, which theretofore has been uniformly zoned in its entirety, . . . 53 So.2d 720

As is reflected in the record, Ordinance 8482-A as initiated clearly contemplated a change in the existing zoning rules and regulations within the City of Tampa by replacing Chapter 43 of the zoning code with a new zoning code, Chapter 43A. Indeed, the evidence considered by the Trial Court[9] is clear that the change in the existing zoning rules and regulations effected by the ordinance substantially affected land use as to every piece of property in the city. That is, every piece of property in the city was rezoned to a new zoning district and there were major changes within the zoning district. (R I 448-450)

The record is clear: Ordinance 8482-A is a zoning ordinance and was initiated and adopted as an amendatory and definitive zoning code which was to control the use of land in the City of Tampa with the exception of the Central Business District; it substantially affected land use within the city; and prior to its initiation and adoption the requirements of section 166.041(3)(c) were not followed. The fact that the ordinance's application was delayed and prior to its actual applica-

---

[8] This statement by the Attorney General is in clear conflict with the argument made by Appellee at oral argument to the effect that no one cares about a zoning text because the text does not have anything to do with how a person can use his or her land.

[9] The Trial Court, with the consent of the parties, considered the record in Redner I (see n.3. *supra).* (R 143-146 and 243-244) This Court has also reviewed that record and will refer to that record as (R I —).

tion to the adult uses at issue the requirements of section 166.041(3)(c) were followed is of no significance under the law.[10]

Therefore, the failure of the Appellee to comply with the requirements of section 166.041(3)(c) renders Ordinance 8482-A which promulgated Chapter 43A of the Tampa Zoning Code, the provisions of which the Appellants were convicted of violating, null and void.[11]

As the Florida Supreme Court so concisely stated in *Ellison v City of Fort Lauderdale*, 183 So.2d 193, 195 (Fla. 1966):

> The specific grant of zoning power is conditioned by the provision for notice and public hearing. Since the City [Council] did not comply with the notice and public hearing provisions, the ordinance under which the [appellants were] arrested and convicted was invalid.

Therefore, the Appellants' convictions are reversed and their cases are remanded to the Trial Court with directions to discharge them.

---

[10] The Appellee concedes that the hearings held in connection with the quadrant rezonings did not apply to the enactment of ordinance 8482-A. (Brief of Appellee, pg. 25)

[11] This Court recognizes the City of Tampa's authority to use its zoning power to regulate adult uses and that this authority "must be accorded high respect". *Young v American Mini Theatres, Inc.*, 96 S.Ct. 2440, 2453 (1976) and *Renton v Daytime Theatres, Inc.*, 106 S.Ct. 925 (1986). However, this authority must be exercised in accordance with the notice and public hearing requirements mandated by the legislature in Section 166.041(3)(c). *Ellison, infra.*