Ms. Audrey Vickers, Chairman Highlands County Board of County Commissioners Post Office Box 1926 Sebring, Florida 33871-1926
Dear Ms. Vickers:
On behalf of the Board of County Commissioners of Highlands County, you ask my opinion on the following question:
Does the publication requirement of section 50.031, Florida Statutes, require that a newspaper be entered as second-class mail matter in the county where published for a one year period prior to being used for the publication of legal notice, advertisement, publication, or constructive service?
In sum:
Sections 50.031 and 50.051, Florida Statutes, require that legal notice and process be published in a newspaper that has been in existence and entered as second-class mail matter for one year prior to publication of such notice.
Florida follows the majority view that measures passed in contravention of notice requirements are invalid, that is, they are null and void if not strictly enacted pursuant to statutory requirements.[1] Thus, if the Board of County Commissioners of Highlands County does not follow the appropriate notice requirements for official actions, those actions are invalid.
Section 50.011, Florida Statutes, provides that any statutorily required legal notice, advertisement, publication or constructive service of process shall be published
in a newspaper printed and published periodically once a week or oftener, containing at least 25 percent of its words in the English language,
entered or qualified to be admitted and entered as second-class matter at a post office in the county where published, for sale to the public generally, available to the public generally for the publication of official or other notices and customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public.
Further, section 50.031, Florida Statutes, requires, in part, that such newspapers
shall have been in existence for 1 year and shall have been entered as second-class mail matter at a post office in the county where published, or in a newspaper which is a direct successor of a newspaper which together have been so published. . . .
You ask whether the language in section 50.031, Florida Statutes, prescribing a one year requirement relates exclusively to the existence of the publication or whether it also mandates that the newspaper have been entered as second-class mail matter for that length of time.
This office has consistently maintained that the one year requirement applies to both the existence of a newspaper within the scope of section 50.031, Florida Statutes, and to the length of time that such material must have been circulated as second-class mail material.[2] This conclusion is supported by the statutory requirements for the uniform affidavit used to establish proof of publication.
Pursuant to section 50.041, Florida Statutes, publishers of newspapers are required to provide affidavits to establish proof of publication of public notices or legal advertisements. The statutes require that these affidavits be uniform throughout the state[3] and a form is provided for such affidavits.[4] The text of the form set forth in section 50.051, Florida Statutes, includes a section in which the publisher must swear that the newspaper "has been entered as second-class mail matter at the post office in ___, in said ___ County, Florida, for a period of 1 year next preceding the first publication of the attached copy of advertisement[.]"
Thus, reading sections 50.031 and 50.051, Florida Statutes, in pari materia,[5] it is my opinion that in order to satisfy the requirements of section 50.031, Florida Statutes, a newspaper must have been entered as second-class mail matter at a post office in the county where it is published for one year prior to the publication of any legal notice therein.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Daytona Leisure Corporation v. City of Daytona Beach,539 So.2d 597, 599 (Fla. 5th DCA 1989). See also, Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 1st DCA 1984).
[2] See, Op. Att'y Gen. Fla. 41-38 (1941) at p. 70; Op. Att'y Gen. 64-150 (1964); Op. Att'y Gen. 73-149 (1973); and Op. Att'y Gen. 74-125 (1974).
[3] Section 50.041(1), Fla. Stat. (1993).
[4] See, s. 50.051, Fla. Stat. (1993).
[5] See, Ideal Farms Drainage Dist. et al. v. Certain Lands,19 So.2d 234 (Fla. 1944), and State v. Haddock, 140 So.2d 631 (Fla. 1st DCA 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.