The Honorable David I. Bitner Representative, District 71 2811 Tamiami Trial Suite S Port Charlotte, Florida 33952
Dear Representative Bitner:
You ask substantially the following question:
In light of the renaming of "second-class" mail as "periodicals" mail by the United States Postal Service, effective July 1, 1996, does eligibility for the "periodicals" postal category satisfy the requirement in sections 50.011 and 50.031, Florida Statutes, that legal notices and process be published in a newspaper entered as "second-class" mail matter at the post office?
In sum:
In light of the reclassification of "second-class" mail as "periodicals" mail by the United States Postal Service, effective July 1, 1996, eligibility for the "periodicals" postal category satisfies the requirement in sections 50.011 and 50.031, Florida Statutes, that legal notices and process be published in a newspaper entered as "second-class" mail matter at the post office.
Section 50.011, Florida Statutes, provides that any statutorily prescribed legal notice, advertisement or publication be published
in a newspaper printed and published periodically once a week or oftener, containing at least 25 percent of its words in the English language, entered or qualified to be admitted and entered as second-class matter at a post office in the county where published, for sale to the public generally, available to the public generally for the publication of official or other notices and customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public.
Further, section 50.031, Florida Statutes, requires, in part, that such newspapers
shall have been in existence for 1 year and shall have been entered as second-class mail matter at a post office in the county where published, or in a newspaper which is a direct successor of a newspaper which together have been so published[.][1]
Thus, in sections 50.011 and 50.031, Florida Statutes, the Legislature has prescribed detailed minimum requirements that a newspaper must satisfy before it qualifies for publication of legal notices. This office has stated that strict compliance with these minimum requirements forecloses the prospect of a successful due process challenge to the notice provided.[2]
According to your letter, the United States Postal Service, as a result of changes in the Domestic Mail Classification Schedule which becomes effective July 1, 1996, has redesignated "secondclass" mail as "periodicals" mail. You ask, therefore, whether the publication of legal notices in a newspaper that as of July 1, 1996, will be entered as "periodicals" mail rather than "second-class" mail violates sections 50.011 and 50.031, Florida Statutes, when the newspaper otherwise satisfies the requirements of those statutes.
You have enclosed a copy of a letter from the Senior Vice President, General Counsel for the Postal Service stating the change in designation from "second-class" to "periodicals" was not intended as a substantive change affecting those state laws which make reference to second-class publications, including laws requiring certain types of notices to appear in second class publications.[3] As evidence thereof, the letter refers to the Postal Service's Federal Register notice of March 12, 1996, publishing revisions to the Domestic Mail Manual to be effective July 1, 1996.[4] As reflected in the Federal Register notice, the revised manual contains the following section:
1.0 Basic Information 1.1 Second-Class
Effective July 1, 1996, second-class mail was renamed Periodicals. This name change does not alter the status of authorized publications; second-class mailing privileges are now referred to as Periodicals mailing privileges and have comparable eligibility standards.[5]
It is a fundamental rule of construction that in interpreting a statute, the primary purpose is to give effect to the intention of the Legislature.[6] As you note in your letter, the requirements established in sections 50.031 and 50.051, Florida Statutes, for legal notices seek to ensure that such notices are actually circulated in the community such that affected individuals will have the opportunity to be made aware of the impending actions that are advertised. The fact that the United States Postal Service has renamed the mail class from "second-class" mail to "periodicals" mail does not affect the accomplishment of such purpose.
Accordingly, I am of the opinion that in light of the reclassification of "second-class" mail as "periodicals" mail by the United States Postal Service, effective July 1, 1996, eligibility for the "periodicals" postal category satisfies the requirement in sections 50.031 and 50.051, Florida Statutes, that legal notices and process be published in a newspaper entered as "second-class" mail matter at the post office. The Legislature, however, may wish to amend the provisions of sections 50.031 and50.051 to reflect the name change by the United States Postal Service.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 50.051, Fla. Stat., providing for proof of publication and the form of uniform affidavit.
[2] See, Op. Att'y Gen. Fla. 73-149 (1973) (publication in newspaper not meeting the requirements of s. 50.011, Fla. Stat., does not meet the requirements of due process of law). And see, Op. Att'y Gen. Fla. 94-24 (1994) (newspaper within scope of s.50.011, Fla. Stat., must have been circulated as secondclass mail material for at least one year); Daytona Leisure Corporation v. City of Daytona Beach, 539 So.2d 597, 599 (Fla. 5th DCA 1989) (measures passed in contravention of notice requirements are invalid if not strictly enacted pursuant to statutory requirements).
[3] See, Letter from Mary S. Elcano, United States Postal Senior Vice-President General Counsel, to Mr. Robert J. Brinkman, Vice President, Newspaper Association of America, dated April 19, 1996.
[4] 61 Fed. Reg. 10114.
[5] Id. at 10123-24.
[6] See, e.g., City of St. Petersburg v. Siebold, 48 So.2d 291
(Fla. 1950); Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983) (intent of the Legislature as gleaned from statute, is the law); Philip Crosby Associates, Inc. v. State Board of Independent Colleges, 506 So.2d 490 (Fla. 5th DCA 1987) (cardinal rule of statutory construction is that statute should be construed so as to ascertain and give effect to legislative intent expressed in statute).