The Honorable C. Dianne Dubberly Mayor, Town of LaCrosse Post Office Drawer D LaCrosse, Florida 32658
Dear Mayor Dubberly:
On behalf of the Town of LaCrosse, you ask substantially the following question:
Does a newspaper's pending application to be entered as periodic material satisfy the requirements imposed for the publication of legal notices by a municipality?
In sum:
Publication of legal notices by a municipality must comply with the requirements of sections 50.011 and 50.031, Florida Statutes, which require, among other things, that the newspaper must be entered as periodical matter at the post office. A pending application to be entered as periodic matter would not satisfy the requirements of the statute.
Section 166.041(3)(a), Florida Statutes, requires that, at least ten days prior to adoption, a proposed ordinance be noticed in a "newspaper of general circulation in the municipality."[1] While the term "newspaper of general circulation in the municipality" is not defined for purposes of the statute, section 50.011, Florida Statutes, provides that any statutorily prescribed legal notice, advertisement or publication be published "in a newspaper printed and published periodically once a week or oftener, containing at least 25 percent of its words in the English language, entered or qualified to be admitted and entered as periodicalsmatter at a post office in the county where published, for sale to the public generally, available to the public generally for the publication of official or other notices and customarily containing information of a public character or of interest or of value to the residents or owners of property in the county where published, or of interest or of value to the general public."[2] (e.s.)
In addition, section 50.031, Florida Statutes, requires, in part, that such newspapers "at the time of such publication shall have been in existence for 1 year and shall have been entered as periodicals matter ata post office in the county where published, or in a newspaper which is a direct successor of a newspaper which together have been so published; provided, however, that nothing herein contained shall apply where in any county there shall be no newspaper in existence which shall have been published for the length of time above prescribed." (e.s.)
The exception provided in section 50.031, Florida Statutes, for counties in which there has been no newspaper in existence that has been published for the requisite time, would not appear to be applicable to Alachua County.
Thus, in sections 50.011 and 50.031, Florida Statutes, the Legislature has prescribed detailed minimum requirements a newspaper must meet before it qualifies for publication of legal notices. This office has stated that strict compliance with these minimum requirements forecloses the prospect of a successful due process challenge to the notice provided.[3]
One of those requirements is that the newspaper must have been entered as periodical matter at the post office.
This office has consistently maintained that the one-year requirement applies to both the existence of a newspaper within the scope of section50.031, Florida Statutes, and to the length of time that such material must have been circulated as periodical material.[4] This conclusion is supported by the statutory requirements for the uniform affidavit used to establish proof of publication.
Pursuant to section 50.041, Florida Statutes, publishers of newspapers are required to provide affidavits to establish proof of publication of public notices or legal advertisements. The statutes require that these affidavits be uniform throughout the state[5] and a form is provided for such affidavits.[6] The text of the form set forth in section 50.051, Florida Statutes, includes a section in which the publisher must swear that the newspaper "has been entered as periodicals matter at the post office in ___, in said ___ County, Florida, for a period of 1 year next preceding the first publication of the attached copy of advertisement[.]"
In light of the above, I am of the opinion that a newspaper's pending application to be entered as periodic material does not satisfy the requirements imposed for the publication of legal notices by a municipality pursuant to sections 50.011 and 50.031, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You refer to Ch. 125, Fla. Stat., in your letter. Chapter 125 relates to counties; the provisions addressing municipalities are contained in Ch. 166, Fla. Stat.
[2] See, Op. Att'y Gen. Fla. 90-67 (1990), stating that a newspaper which meets the requirements of ss. 50.011 and 50.031, Fla. Stat., may be utilized for the publication of notices of proposed municipal ordinances as required in s. 166.041(3)(a), Fla. Stat. "the requirements contained in ss. 50.011 and 50.031, F.S., provide a base upon which additional requirements have been added by statutes such as . . . [s.]166.041(3)(c)2., Florida Statutes." And see, Op. Att'y Gen. Fla. 96-25 (1996).
[3] See, e.g., Ops. Att'y Gen. Fla. 73-149 (1973) (publication in newspaper not meeting the requirements of s. 50.011, Fla. Stat., does not meet the requirements of due process of law); 94-24 (1994). And see,Daytona Leisure Corporation v. City of Daytona Beach, 539 So.2d 597, 599
(Fla. 5th DCA 1989) (measures passed in contravention of notice requirements are invalid if not strictly enacted pursuant to statutory requirements).
[4] See, Op. Att'y Gen. Fla. 94-24 (1994). And see, Ops. Att'y Gen. Fla. 41-38 (1941) at p. 70; 64-150 (1964); 73-149 (1973) and 74-125 (1974). The earlier opinions refer to "second class mail." Sections 21 and 22, Chapter 99-2, Laws of Florida, respectively amended ss. 50.011
and 50.031 to conform to the redesignation of second-class matter as periodicals by the United States Postal Service.
[5] Section 50.041(1), Fla. Stat.
[6] See, s. 50.051, Fla. Stat.