Mr. Scott R. Christiansen Town Attorney for Town of Longboat Key 700 Sarasota Quay Sarasota, Florida 34236
Dear Mr. Christiansen:
As Town Attorney for the Town of Longboat Key you have asked substantially the following questions:
 1. Do "land development regulations" within Part II, Ch. 163, F.S., include zoning ordinances?
 2. If the answer to Question 1 is yes, do the additional public hearing and advertising requirements set forth in s. 166.041(3)(c), F.S., apply to the adoption of such ordinances?
In sum:
 1. As defined in s. 163.3164(22), F.S., land development regulations include zoning ordinances.
 2. The comprehensive plan for the Town of Longboat Key is the broad framework which town's zoning ordinances will implement. Such ordinances must be consistent with the plan. However, adoption of municipal ordinances, including zoning ordinances, is regulated by s. 166.401, F.S.
As your questions are related, I will answer them together.
The 1985 Legislature extensively amended Part II, Ch. 163, F.S., and renamed it the "Local Government Comprehensive Planning and Land Development Regulation Act" (hereafter "the act").[1] As this office has noted, "[t]he amendments to the act generally strengthen the role of comprehensive planning for local governments and modify the requirements and elements of the plan."[2]
The legislative intent for adoption of the act is set forth in s.163.3161, F.S., which provides, in part, that "no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act."[3] However, "[t]he provisions of this act in their interpretation and application are declared to be the minimum requirements necessary to accomplish the stated intent, purposes, and objectives of this act. . . ."[4]
As used in the act "[l]and development regulations" are:
 [O]rdinances enacted by governing bodies for the regulation of any aspect of development and includes any local government zoning, rezoning, subdivision, building construction, or sign regulations or any other regulations controlling the development of land, except that this definition shall not apply in s. 163.3213.[5] (e.s.)
This section was created by s. 1, Ch. 85-55, Laws of Florida, and took effect on October 1, 1985.[6]
This office has, on several occasions, stated that a municipality may proceed to exercise its home rule powers pursuant to Ch. 166, F.S., for zoning, subdivision, and planning regulations provided such regulations are consistent with the requirements of the Local Government Comprehensive Planning and Land Development Regulation Act.[7] As the act states:
 It is the intent of this act that adopted comprehensive plans or elements thereof shall be implemented, in part, by the adoption and enforcement of appropriate local regulations on the development of lands and waters within an area. It is the intent of this act that the adoption and enforcement by a governing body of regulations for the development of land or the adoption and enforcement by a governing body of a land development code for an area shall be based on, be related to, and be a means of implementation for an adopted comprehensive plan as required by this act.[8]
Thus, the comprehensive plan is a broad framework upon which a municipality builds by enacting its own local regulations.[9]
The ordinances which a municipality enacts to implement the plan must be in compliance with the plan but will be more specific and detailed than the comprehensive plan itself.
Further, the Legislature expressly intended "that the public participate in the comprehensive planning process to the fullest extent possible."[10] In order to facilitate public participation, the act provides that local governments and local planning agencies must "adopt procedures designed to provide effective public participation in the comprehensive planning process and to provide real property owners with notice of all official actions which will regulate the use of their property."[11]
The provisions and procedures set out in the act are the minimum requirements necessary to accomplish this goal.[12]
The Town of Longboat Key has apparently submitted its revised comprehensive plan for review pursuant to s. 163.3167(2), F.S., and is now adopting, amending, and enforcing land development regulations pursuant to s. 163.3202, F.S., which are consistent with and implement its adopted comprehensive plan.
Part II, Ch. 163, F.S., does not purport to regulate the adoption of local ordinances implementing the comprehensive plan. The Municipal Home Rule Powers Act makes provision for the adoption of ordinances and resolutions in s. 166.041, F.S. This statute includes specific requirements for the adoption of ordinances "which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts. . . ."[13]
Thus, following submission and approval of its comprehensive plan pursuant to Part II, Ch. 163, F.S., the Town of Longboat Key must follow s. 166.041, F.S., when adopting ordinances to implement the plan and such ordinances must be in compliance with the comprehensive plan.[14]
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, Ch. 85-55, Laws of Florida.
[2] Attorney General Opinion's 85-56 and 86-36.
[3] Section 163.3161(5), F.S.
[4] Section 163.3161(7), F.S.
[5] Section 163.3164(22), F.S. And see, s. 163.3213, F.S., which provides for administrative actions to review land development regulations and assure that such regulations implement and are consistent with the local comprehensive plan.
[6] Section 51, Ch. 85-55, Laws of Florida.
[7] See, AGO's 87-20, 86-34, and 85-71.
[8] Section 163.3201, F.S.
[9] See, s. 163.3177(1), F.S., stating that the comprehensive plan is to consist of "materials in such descriptive form, written or graphic, as may be appropriate to the prescription of principles, guidelines, and standards for the orderly and balanced future economic, social, physical, environmental, and fiscal development of the area."
[10] Section 163.3181(1), F.S.
[11] Id.
[12] Id.
[13] Section 166.041(3)(c), F.S.
[14] While I am not advised of the status or provisions of the comprehensive plan for the City of Dunedin, the conclusion reached herein is consistent with the case of David v. City of Dunedin,473 So.2d 304 (2 D.C.A.Fla., 1985), about which you inquire. That case holds that an exterior sign ordinance is a zoning ordinance and that the requirements of s. 166.041, F.S., must be followed in adopting such an ordinance. Cf., Baywood Construction, Inc. v. City of Cape Coral, 507 So.2d 768 (2 D.C.A.Fla., 1987) (impact fee ordinance enacted for capital expansion was not a zoning ordinance, and, thus, imposition of a fee for that purpose did not substantially restrict the use of property and did not have to comply with requirements for enacting zoning ordinances which substantially restrict use of property).