653 So.2d 1050 (1995)
M & A MANAGEMENT CORP., Appellant,
v.
CITY OF MELBOURNE, FLORIDA, etc., Appellee.
No. 94-2420.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
Rehearing Denied May 5, 1995.
Robert Dixon of Gars, Dixon Shapiro, Coconut Grove, for appellant.
James L. Reinman and Maureen M. Matheson of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying a temporary injunction. We have jurisdiction. See 9.130(a)(3)(B), Fla.R.App.P.
The issue on appeal is whether a particular city ordinance is a zoning change ordinance and is thus invalid because the procedure of enactment was defective.
We affirm the order of the circuit court and adopt the reasoning of the circuit judge. Except for omitted footnotes, the order is as follows:
I. FACTUAL BACKGROUND
The Plaintiff, M & A MANAGEMENT CORP., has filed a four-count complaint against the CITY OF MELBOURNE, attacking the validity of Melbourne Ordinance 94-47. Such ordinance provides in part:
"Section 2. No structure shall be used for the conduct of Bingo Games more than two days per week. This prohibition shall not extend to or affect the leasing, rental or use of a Structure for any other purpose than the conduct of Bingo Games."
Pursuant to a six year lease, the Plaintiff is the tenant of a building located on Sarno Road in the City of Melbourne. According to the City's zoning map, the subject leased premises are located in a zoning district classified as C-2 (General Commercial District). Among the permitted uses in a C-2 district are:

*1051 "(f) Commercial recreation structures such as indoor theaters, bowling alleys and similar indoor recreational facilities."
On April 15, 1993, the City issued a Certificate of Occupancy for the subject leased property. Such certificate reflects the intended use of such property as a "Bingo Hall." There appears to be no dispute that the operation of a bingo hall is a permitted use in a C-2 zone. Plaintiff is currently subleasing the structure to various charities who, in turn, utilize the structure for the conduct of bingo games. Plaintiff is utilizing the structure four days per week. It is Plaintiff's contention that it will be unable to stay in business if its use of the structure is limited to two days per week. Plaintiff has apparently invested in excess of $200,000.00 on its bingo hall business venture.

II. APPLICATION OF SECTION 166.041(3), F.S. (1993)
In its complaint, the Plaintiff attacked the validity of Ordinance 94-47 on several grounds. However, only one of such grounds was presented for the Court's consideration on Plaintiff's Motion for Temporary Injunction. Specifically, Plaintiff contends that the subject ordinance is invalid because the City did not comply with the procedural notice requirements set forth in Section 166.041(3), Fla. Stat. (1993). Section 166.041(3)(c) sets forth certain procedural requirements for the enactment of ordinances which "rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts." The City stipulates it did not provide notice of the proposed ordinance pursuant to Subsection (c). It is the City's position that subsection (c) is not applicable because Ordinance 94-47 does not "rezone property or substantially change permitted use categories." Thus, the City argues it was only required to comply with the procedural requirements set forth in subsection (a) of F.S. 166.041(3). Ordinance 94-47 does not rezone property. Accordingly, the issue presented squarely before this Court is whether such ordinance "substantially changes permitted use categories."

III. LEGAL ANALYSIS
An ordinance which impacts one's use of property is not necessarily a land use and/or zoning ordinance. For example, in T.J.R. Holding Co., Inc. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA 1993), the court held that a county ordinance prohibiting nudity and sexual conduct, or the simulation of sexual conduct within an alcoholic beverage establishment was not a land use ordinance notwithstanding the plaintiff's contention that its use of the property would be adversely effected. In T.J.R. Holding, the court found that it was "patently clear" the ordinance was a regulatory ordinance, not a land use ordinance, as the intent of the ordinance was to regulate conduct in alcoholic beverage establishments. The T.J.R. Holding court further rejected the plaintiff's contention that the challenged ordinance was a "de facto" zoning ordinance, noting the ordinance was one of general applicability throughout the county's unincorporated areas.
In the present case, Melbourne's ordinance similarly is a regulatory ordinance. The intent of such ordinance is to regulate the conduct of bingo games and bingo halls. The ordinance is also one of general application. Specifically, the ordinance applies to all properties in which bingo halls are a permitted or a conditional use, not just property zoned C-2. Indeed, the ordinance does not amend Melbourne's zoning code at all. The current permitted use categories for the C-2 zoning use district are identical to the permitted use categories which existed prior to the adoption of the challenged ordinance. Finally, any restrictions of Plaintiff's use of its property results from the nature of the conduct itself, not from the location of Plaintiff's property.
The case relied upon by Plaintiff, Daytona Leisure Corp. v. City of Daytona Beach, 539 So.2d 597 (Fla. 5th DCA 1989) is distinguishable. In Daytona Leisure, the challenged ordinance was clearly a zoning ordinance. Specifically, the challenged ordinance amended Daytona Beach's zoning code by prohibiting any business, including restaurants and *1052 cocktail lounges, located within 200 feet of a residentially-zoned property from selling or dispensing alcoholic beverages for on-premises consumption. Thus, Daytona Beach's ordinance prohibited a property owner from selling alcoholic beverages for on-premises consumption because of the location of his property, not because of the nature of the conduct itself. By contrast, if Daytona Beach had enacted an ordinance prohibiting, throughout the city, the sale of alcoholic beverages during certain time periods, the ordinance would be a regulatory ordinance and not a zoning ordinance. The fact that a particular property owner's use of the property might be greatly effected by such restriction would not transform such ordinance into a zoning ordinance.

IV. CONCLUSION
In conclusion, the Plaintiff has failed to show a substantial likelihood of success on its claim that Melbourne City Ordinance 94-47 is invalid because of Melbourne's alleged failure to comply with the procedural requirements set forth in Section 166.041(3), Fla. Stat. (1993). Therefore, Plaintiff's Motion for Temporary Injunction is denied, except as to that portion of Section 5 of the ordinance, to which the City has stipulated to the entry of a temporary injunction. This Order should, in no way, be construed to be a determination as to whether Ordinance 94-47 is valid. Rather, this Order only addresses the limited issue raised by Plaintiff in its Motion for Temporary Injunction.
The order is affirmed.
AFFIRMED.
HARRIS, C.J., and PETERSON, J., concur.