CAMPBELL, Acting Chief Judge.
Appellant, Lee County, challenges the trial court order that declared two sections of the Lee County Vessel Control and Water Safety Ordinance[1] invalid. Section Seven of the ordinance as amended regulated the location of businesses engaged in personal watercraft (jet ski) rentals. Section Six F prohibited the use of such personal watercraft in designated areas: (1) The waters in and around Lee County. We affirm the order of the trial court insofar as it declared invalid Section Seven of the ordinance regulating the location of jet ski rental businesses. Inasmuch as the ordinance itself contains a severability clause that provides that its various provisions are independent and separable, and we determine that they are so separable, we reverse that portion of the order that declared Section Six F of the ordinance invalid insofar as it prohibited the use of jet skis in designated waters of Lee County.
The provisions of the ordinance in dispute provide as follows:
[Section Six]
F. AREAS OF PROHIBITED PERSONAL WATERCRAFT ACTIVITY
No owner or operator shall operate any personal watercraft within the following *688 areas of prohibited personal watercraft activity:
(1) All waters within 500 feet of the shoreline of the west side of Captiva Island between Blind Pass and Redfish Pass; and
(2) All waters between the shoreline of the east side of Captiva Island and a line commencing at the tripod marker and extending due south to Blind Pass. This area shall include Roosevelt Channel. [Section Seven]
REGULATIONS AND LOCATIONS FOR PERSONAL WATERCRAFT RENTALS
Any person engaged in the rental, leasing, bailment for consideration or otherwise providing transportation for remuneration, of personal watercraft for use by the public on any waters of Lee County, must meet the following requirements as of the effective date of this Ordinance including any new and already existing rental operations:
A.A person is required to obtain a county occupational license which shall be issued to the personal watercraft rental operations office, which must
1. The operations office shall be located at a land-based location site; and,
g. The land-based site shall have with direct access to the beach in-the immediate area where the-personal — watercraft are being provided for public-use. Direction access shall not include public rights-of-way, County-owned beach access, or any residentially zoned land that must be traversed to gain beach water access; and,

8. All business transactions such as the exchange of consideration or remuneration for the rental, leasing, bailment or any other type of transaction between the commercial rental operator and customer shall occur on the land-based site for which the occupational license is issued; and,

L The personal watercraft shall only be rented or operated on the littoral waters offshore of the land-based site for which the occupational license is issued until the personal watercraft travels beyond the 500 feet offshore idle speed limit. A floating vendor or personal watercraft rentals may operate within the littoral waters of a land-based site as long as the floating vendor has an occupational license issued at that land-based site.
B. A person must have and maintain a telephone and an operable marine radio at its land-based operations office.
C. A person must have a manned, motorized chase vessel with operational marine radio in good running condition that meets all United States Coast Guard safety requirements kept at the rental site and is within vision of where the personal watercraft are being operated during all hours of the persons operations.
D. A person must have and maintain comprehensive general liability insurance with coverage not less than $500,000.00 combined single limits. A copy of the current insurance policy shall be kept at the rental operations office.
E. A person shall register each personal watercraft and have a Florida vessel registration number affixed thereon.
F. A person may not lease, hire or rent a personal watercraft to any person who is under 16 years of age.
Appellees, who are engaged in the personal watercraft rental business in Lee County, filed suit challenging the ordinance on various grounds. The trial court initially entered summary judgment invalidating the ordinance on the grounds of conflict with chapter 327, Florida Statutes (1989). This court in Lee County v. Lippi 662 So.2d 1304 (Fla. 2d DCA 1995) determined that there was no invalidating conflict between the provisions of the ordinance and chapter 327, and reversed and remanded the matter for further proceedings. On remand, appellees filed a third amended complaint adding Count VII, which alleged that the ordinance is a “land development regulation,” as defined in subsection 163.3164(22), Florida Statutes (1989) that was not reviewed prior to enactment by the “local planning agency” as required by subsections 163.3174(4)(c) and 163.3194(2), Florida Statutes (1989). Lee County admitted the ordinance was not reviewed by the local planning agency, but denied that the ordinance was a land development regulation. The trial court *689 agreed with appellees that the entire ordinance is a “land development regulation” and declared it invalid.
Subsection 163.3164(11) defines “land” as “the earth, water, and air, above, below, or on the surface ...” and subsection 163.3164(22) defines “land development regulations” as ordinances enacted for the regulation of any aspect of “development.” The term “development” is defined in subsection 163.3164(5) as having “the meaning given it in s. 380.04.” Section 380.04(1) generally defines “development” as “the carrying out of any building activity or mining operation, the making of any material change in the use or appearance of any structure or land, or the dividing of land into three or more parcels.” In section 380.04(3)(h), Florida Statutes (1989), the definition of development is narrowed to exclude activity as follows: “The following operations or uses shall not be taken for the purpose of this chapter to involve ‘development’ as defined in this section: .... (h) The creation or termination of rights of access, riparian rights, easements, covenants concerning development of land, or other rights in land.”
We agree with the trial court that Section Seven of the ordinance was not simply a regulatory ordinance, but sufficiently impacted previously permitted land uses that it should be considered a “land development regulation” subject to review as provided in subsections 163.3174(4)(c) and 163.3194(2). See M & A Management Corp. v. City of Melbourne, 653 So.2d 1050 (Fla. 5th DCA), rev. denied, 661 So.2d 824 (Fla.1995); T.J.R. Holding Co. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA 1993); Daytona Leisure Corp. Inc. v. City of Daytona Beach, 539 So.2d 597 (Fla. 5th DCA 1989). We are required to resolve doubts as to the interpretation of ordinances in a manner that, if at all possible, will render them valid. Hamilton v. State, 366 So.2d 8 (Fla.1978). In recognition of that duty, we conclude that Section Six of the ordinance prohibiting the use of jet skis in certain prescribed areas of the waters of Lee County is patently a regulatory ordinance, not subject to the review requirements of subsections 163.3174(4)(c) and 163.3194(2).
Affirmed in part, reversed in part, and remanded.
QUINCE and WHATLEY, JJ., concur.

. Lee County Ordinance 90-51, as amended by Ordinance 90-63, as further amended by Ordinance 91-16.