722 So.2d 268 (1998)
CITY OF SARASOTA, a municipal corporation, Appellant,
v.
35 S. LEMON, INC., David Venafro, and Michael Venafro, Appellees.
No. 97-05428
District Court of Appeal of Florida, Second District.
December 18, 1998.
Michael S. Perry of Taylor, Lawless and Singer, P.A., Sarasota, for Appellant.
No appearance for Appellees.
PARKER, Chief Judge.
The City of Sarasota (the City) appeals the partial final summary judgment in favor of 35 S. Lemon, Inc., David Venafro, and Michael Venafro (appellees). The trial court determined that the City's Permitting Ordinance and Noise Ordinance were not enacted properly because the ordinances regulated land development and were subject to review by the City's local planning agency. We conclude that the Noise Ordinance regulates conduct and is not subject to review by the City's local planning agency; therefore, we reverse the partial final summary judgment.
In 1997, the City adopted the Noise Ordinance by amending chapter 20 of its City Code.[1] This amendment affected the appellees because their restaurant and nightclub were zoned C-CBD.
The City also enacted the Permitting Ordinance on the same day as the Noise Ordinance. The Permitting Ordinance amended the City Zoning Code by changing the list of permitted and prohibited uses within the C-CBD zoning district. These new permitted uses included the use of amplified music emanating from a structure not completely enclosed after a permit is issued by the Building, Zoning, and Code Enforcement Department. These code changes adversely affected the music provided by the appellees at their restaurant and nightclub.
Both the Noise Ordinance and the Permitting Ordinance were adopted pursuant to the *269 procedures set forth in section 166.041(3)(a), Florida Statutes (1995). After the ordinances were adopted, the appellees were cited with several violations of the Noise Ordinance. The appellees filed a seven-count complaint seeking, among other things, to have the Noise Ordinance and the Permitting Ordinance declared invalid. Following a hearing on the appellees' motion for partial summary judgment as to count one, wherein they argued that the ordinances were improperly enacted, the trial court granted partial summary judgment finding that the Noise Ordinance was void because it was not reviewed by the City's local planning agency in accordance with chapter 163, Florida Statutes (1995). The partial summary judgment further enjoined the City from enforcing the Noise Ordinance.
In the order, the trial court sets forth the definition of "land development regulation" as defined in section 163.3164(23), Florida Statutes (1995), and emphasized that portion of the statute which provides that a land development regulation includes "the making of any material change in the use of or appearance of any structure or land." The court then cited this court's opinion in Lee County v. Lippi, 693 So.2d 686 (Fla. 2d DCA 1997), in support for finding that the Noise Ordinance was a land development regulation subject to review by the planning agency. We conclude that the trial court incorrectly applied Lippi to the facts in this case.
In Lippi, this court was asked to determine whether two ordinances were properly enacted under similar facts to this case. The first ordinance prohibited the use of water craft within a certain area of the shoreline. The second ordinance regulated the location for personal water craft rentals. This court determined that the first ordinance was "patently a regulatory ordinance, not subject to the review requirements" of the statute. See id. at 689. This court then determined that the second ordinance regulating the placement of rental businesses, which required some businesses to close and relocate, sufficiently impacted a previously permitted land use and should have been reviewed by the local planning agency. See id.
If the Noise Ordinance is a land development regulation within the meaning of section 163.3164(23), Florida Statutes (1995), then the ordinance was improperly enacted because the City failed to submit the proposed ordinance for review by the planning agency. If the ordinance is an attempt to regulate conduct, it is exempt from this review process. Here, the appellees' business is still able to operate according to its previous use. It simply has to comply with the noise level requirements. This case is more concerned with regulating conduct rather than with regulating land development. See T.J.R. Holding Co., Inc. v. Alachua County, 617 So.2d 798 (Fla. 1st DCA 1993)(ordinance which prohibited nudity and sexual conduct, or simulated sexual conduct, within establishments serving alcoholic beverages, was not a land-use regulation).
We conclude that the Noise Ordinance is a regulatory ordinance which is not subject to the review requirements of chapter 163. Accordingly, we reverse the trial court's partial summary judgment and remand this case to the trial court to resolve other matters still pending in this case.
CAMPBELL and CASANUEVA, JJ., Concur.
NOTES
[1] Section 20-5 of the Noise Ordinance defines unreasonable noise to include the following:

(a) Radios, phonographs, tape players, television sets, musical instruments, drums or similar devices. Operating, playing, or permitting the operation or playing of any radio, phonograph, tape player, television set, musical instrument, drum or similar device which produces or reproduces sound in such a manner as to annoy, disturb, injure or endanger the comfort, repose, health, peace, or safety of a reasonable person of normal sensibilities.
...
(1) Amplified Music. Using or operating for any purpose, or permitting the operation or use for any purpose, any amplification system, or any amplified radio, phonograph, tape player, telephone set, musical instrument, drum or similar device which is amplified, between the hours of 10:00 p.m. and 7:00 a.m. on Sunday through Thursday, inclusive, or 12:00 midnight and 10:00 a.m. on Friday and Saturday and holidays in the C-CBD zoning district of the City as defined and regulated by the Zoning Code and as delineated on the official zoning atlas, except when such system or device is operated or used in a completely enclosed structure.
...
(m) Any excessive or unusually loud sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a reasonable person of normal sensibilities.