622 So.2d 146 (1993)
HEALTHSOUTH DOCTORS' HOSPITAL, INC., a Delaware Corporation, and the City of Coral Gables, Appellants,
v.
William J. HARTNETT, Shirley Pommeir and Elizabeth J. Yates, Appellees.
Nos. 93-134, 93-271 and 93-377.
District Court of Appeal of Florida, Third District.
August 10, 1993.
*147 Sherman and Fischman and Bruce D. Fischman, Miami, for Healthsouth Doctors' Hosp.
Robert D. Zahner, for City of Coral Gables.
John G. Fletcher, South Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
LEVY, Judge.
This case involves the validity of Ordinance Number 2763 of the City of Coral Gables, which was adopted in January of 1988. We affirm the trial court's finding that the ordinance is invalid because the requisite notice was not provided under Section 166.041(3)(a), Florida Statutes (1987).
In 1977, the John T. McDonald Foundation, the predecessor in interest to the appellant Healthsouth Doctors' Hospital, Inc. [hereafter "Healthsouth"], applied for a permit to build additional buildings at Doctors' Hospital in Coral Gables. As a result of this application, the City of Coral Gables adopted Ordinance Number 2763, which allowed for the construction of a four story medical office building and a six level parking garage, located across a two lane street from duplex and single family residential property.
The plaintiffs/appellees are owners of residences, in close proximity to the subject property, who brought this action for declaratory and injunctive relief seeking to have the Court declare Ordinance Number 2763 invalid, and to enjoin Healthsouth from proceeding with the construction. The trial court held that the ordinance was invalid, declared the previously issued building permit void, and enjoined the City from issuing any further permits under the authority of the invalid ordinance.
The adoption of the ordinance was governed by Section 166.041(3)(a), Florida Statutes (1987), because the ordinance was not initiated by the City of Coral Gables, but rather was initiated as a result of the application of the property owner, the John T. McDonald Foundation. As the trial court correctly noted:
Section [166.041](3)(a) is the applicable section since the purported notice that the City sent out specifically states that the City will consider application no. 325-P submitted by the John T. McDonald Foundation. The ordinance was thus initiated by a private individual, not a city or its designee, and section (3)(a) applies to this situation.
Thus, the procedural provisions of Section 166.041(3)(a), rather than Section 166.041(3)(c), applied to the adoption of the subject ordinance, and required that the proposed ordinance
be read by title, or in full, on at least 2 separate days and shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time, and place of the meeting; the title or titles of proposed ordinances; and the place or places within the municipality where such proposed ordinances may be inspected *148 by the public. The notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance.
Such notice is clearly mandatory, and constitutes a jurisdictional condition precedent to the activation of the City's power to adopt the ordinance at issue. See Ellison v. City of Fort Lauderdale, 183 So.2d 193 (Fla. 1966); City of Fort Pierce v. Davis, 400 So.2d 1242 (Fla. 4th DCA 1981); Skaggs v. City of Key West, 312 So.2d 549 (Fla. 3d DCA 1975); Bal Harbour Village v. State ex rel. Giblin, 299 So.2d 611 (Fla. 3d DCA 1974), cert. denied, 311 So.2d 670 (Fla. 1975). In the instant case, there was no newspaper publication of notice of the City Commission meeting at which adoption of the ordinance took place. Accordingly, the ordinance is null and void because the City failed to follow the mandatory notice requirements of Section 166.041(3)(a). See David v. City of Dunedin, 473 So.2d 304 (Fla. 2d DCA 1985); Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 2d DCA 1984).
In view of our finding that Ordinance Number 2763 is void, the appellants' remaining points on appeal become moot, and need not be addressed.
Affirmed.