807 So.2d 84 (2001)
Jerry COLEMAN, Appellant,
v.
The CITY OF KEY WEST, and Henry and Martha Dupont, Appellees.
Timothy Henshaw, Appellant,
v.
The City of Key West, Florida, and Henry and Martha Dupont, Appellees.
Nos. 3D01-1779, 3D01-1808.
District Court of Appeal of Florida, Third District.
December 19, 2001.
Rehearing Denied February 27, 2002.
Hicks, Anderson & Kneale, Miami; Jerry Coleman (Key West), for appellant Coleman.
Ritter, Chusid, Bivona & Cohen and Jeffrey M. Bell (Boca Raton); James C. Pilkey *85 (Ft.Lauderdale), for appellant Henshaw.
David J. Audlin, Jr. (Key West), for appellee City of Key West.
Lee Robert Rohe (Summerland Key), for appellees DuPont.
Before COPE, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
On November 10, 1998, the City of Key West held its second and final hearing on the enactment of its ordinance no. 98-31, amending Chapter V, Article XXI of the City's land development regulations in order to regulate the transient use of residential dwellings. The basic purpose of the ordinance is to control (or halt) the transient use of residences "in order to preserve the residential character of neighborhoods." [R.8] The appellants, Jerry Coleman and Timothy Henshaw, contend that the ordinance is null and void as it was not validly enacted. We agree with Coleman and Henshaw and reverse the single final judgment entered in these two cases.
As ordinance no. 98-31 was an effort to change the permitted uses within the City's residential zoning category (or categories), the City was required by section 166.041(3)(c)(2), Florida Statutes (1997), to hold two advertised public hearings to consider its enactment. The first public hearing was required to be held at least seven days after the day that the first advertisement was published, while the second public hearing was to be advertised at least five days prior to the date set for that public hearing. § 166.041(3)(c)(2)(a), Fla. Stat. (1997). The parties are in agreement that the City satisfied the advertisement requirements for the first public hearing. It is the advertisement for the second public hearing that creates the dispute.
On October 30, 1998, the second public hearing was advertised for a scheduled date of November 4. However, due to an approaching tropical storm there was no November 4, 1998 city commission meeting at all. As that meeting was gone with the wind, the notice published on October 30 was rendered meaningless. In an attempt to rectify the situation, the City rescheduled the second hearing for November 10, 1998, with the advertisement therefor being published on November 8. This advertisement two days prior to the second public hearing did not comply with the five-day mandate of section 166.041(3)(c)(2). Nonetheless ordinance no. 98-31 was attempted to be enacted at the hearing on November 10.
The courts have consistently held that ordinances which fall within the ambit of section 166.041(3), Florida Statutes (1997) must be strictly enacted pursuant to the statute's notice provisions or they are null and void. HealthSouth Doctors' Hosp., Inc. v. Hartnett, 622 So.2d 146 (Fla. 3d DCA 1993); David v. City of Dunedin, 473 So.2d 304 (Fla. 2d DCA 1985); Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 1st DCA 1984). The notices are mandated in order to protect interested persons, who are thus given the opportunity to learn of proposed ordinances; given the time to study the proposals for any negative or positive effects they might have if enacted; and given notice so that they can attend the hearings and speak out to inform the city commissioners prior to ordinance enactment. Noncompliance with the notice provisions takes away or reduces these opportunities. Although a tropical storm is an excellent reason to cancel a hearing, it is not a valid reason for noncompliance with the notice requirements. Indeed, the havoc and confusion such a storm causes make strict compliance even more important, so that the *86 opportunities meant to be provided are not lost in the storm's wake.
Ordinance no. 98-31 is null and void for failure to comply with the notice requirements of section 166.041(3)(c)(2), Florida Statutes (1997). The final judgment entered in these two cases is reversed and the cause is remanded with directions to the trial court to enter final judgment in accordance herewith.
Reversed and remanded.