DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL DAVID TESTA,** individually and as trustee of the
**M. DAVID TESTA REVOCABLE LIVING TRUST,
DATED OCTOBER 25, 2017,**
Appellant,

v.

**TOWN OF JUPITER ISLAND,
JUPITER ISLAND COMPOUND, LLC,** and **DOLPHIN SUITE, LLC,**
Appellees.

No. 4D22-432

[February 8, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 2021CA000599.

Jesse Panuccio, Stuart H. Singer, and James Grippando of Boies Schiller Flexner LLP, Fort Lauderdale, for appellant.

Pamela C. Marsh and Virginia M. Hamrick, Tallahassee, for Amicus Curiae First Amendment Foundation, in support of appellant.

Joanne M. O'Connor and John C. Randolph of Jones Foster P.A., West Palm Beach, for appellee Town of Jupiter Island.

Ethan J. Loeb, Steven Gieseler, Cynthia G. Angelos, Nicholas M. Gieseler, and Elliot P. Haney of Bartlett, Loeb, Hinds & Thompson, PLLC, Tampa, for appellees Jupiter Island Compound, LLC, and Dolphin Suite, LLC.

Rebecca A. O'Hara and Kraig Conn of Florida League of Cities, Inc., Tallahassee, and Keith W. Davis of Davis & Associates, P.A., West Palm Beach, for Amicus Curiae Florida League of Cities, Treasure Coast Regional League of Cities, and The Palm Beach County League of Cities, in support of appellee Town of Jupiter Island.

GERBER, J.

On May 7, 2019, the Town of Jupiter Island ("the Town") adopted Ordinance 376, which modified the location of the Town's waterfront setback line. The Town's waterfront setback line "is a plotted line along both the Atlantic Ocean and the Intracoastal Waterway/Indian River Lagoon that represents the rear yard setback of all waterfront properties." The waterfront setback line is codified in the Town's Code of Ordinances, along with other land development regulations.

On June 2, 2021—nearly two years after the Town had adopted Ordinance 376—a town resident ("the plaintiff") filed suit against the Town, seeking declaratory and injunctive relief. The plaintiff's suit argued that the Town—before adopting Ordinance 376—had failed to comply with certain notice requirements contained in section 166.041, Florida Statutes (2018), entitled "Procedures for adoption of ordinances and resolutions."

More specifically, the plaintiff's amended complaint argued that the Town had failed to comply with section 166.041(3)(a), Florida Statutes (2018), and section 166.041(3)(c), Florida Statutes (2018).

Section 166.041(3)(a) provides:

> Except as provided in paragraph (c), a proposed ordinance may be read by title, or in full, on at least 2 separate days and shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time, and place of the meeting; the title or titles of proposed ordinances; and the place or places within the municipality where such proposed ordinances may be inspected by the public. The notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance.

§ 166.041(3)(a), Fla. Stat. (2018).

Section 166.041(3)(c) provides, in pertinent part:

> Ordinances that change the actual list of permitted, conditional, or prohibited uses within a zoning category, or ordinances initiated by the municipality that change the actual zoning map designation of a parcel or parcels of land shall be enacted pursuant to [certain enumerated procedures identified in section 166.041(3)(c)1. and 2., Florida Statutes (2018).]

2

§ 166.041(3)(c), Fla. Stat. (2018).

On the parties' competing summary judgment motions, the circuit court found the Town had complied with section 166.041(3)(a)'s notice requirements before adopting Ordinance 376. The circuit court also found the Town need not have complied with section 166.041(3)(c)'s procedures before adopting Ordinance 376, because Ordinance 376 did not "change the [Town's] actual list of permitted, conditional, or prohibited uses within a zoning category" or "change the actual zoning map designation of a parcel or parcels of land" within the Town. The circuit court entered a final judgment to those effects in the Town's and the intervenors' favor.

The plaintiff then commenced this appeal from that final judgment.

Regarding the circuit court's finding that the Town need not have complied with section 166.041(3)(c)'s procedures before adopting Ordinance 376, we affirm without further discussion.

However, we conclude the Town did not comply with section 166.041(3)(a)'s notice requirements before adopting Ordinance 376. Thus, we reverse that portion of the circuit court's final judgment which had found in the Town's and the intervenors' favor on this issue. We remand for a trial on the Town's and the intervenors' defenses that, despite the Town's failure to comply with section 166.041(3)(a)'s notice requirements before adopting Ordinance 376, laches and waiver preclude the plaintiff from challenging Ordinance 376's validity. *See* § 166.041(7), Fla. Stat. (2018) ("Without limitation, the common law doctrines of laches and waiver are valid defenses to any action challenging the validity of an ordinance or resolution based on failure to strictly adhere to the provisions contained in this section.").

We present this opinion in five parts:

1. The facts leading to the Town's adoption of Ordinance 376;
2. The plaintiff's suit against the Town;
3. The parties' competing summary judgment motions;
4. The circuit court's ruling; and
5. Our review.

### 1. *The Facts Leading to the Town's Adoption of Ordinance 376*

Throughout 2018 and 2019, the Town conducted a review of the waterfront setback line running along the eastern boundary of the Town

3

bordering the Atlantic Ocean.  As a result of the review, the Town proposed to adopt Ordinance 376 in order to modify the waterfront setback line.

At the March 18, 2019, Town Commission meeting, the Town Commission conducted the first reading of Ordinance 376.

On April 5, 2019, the Town published a notice in *The Stuart News*—a newspaper of general circulation in the Town—stating in pertinent part:

NOTICE OF PUBLIC HEARING
NOTICE OF PROPOSED
LAND DEVELOPMENT REGULATION AMENDMENT
TOWN OF JUPITER ISLAND, FLORIDA

The Town of Jupiter Island, Florida proposes to adopt Ordinance No. 376, amending the Land Development Regulations, as described below:

AN ORDINANCE OF THE TOWN COMMISSION OF THE TOWN OF JUPITER ISLAND, MARTIN COUNTY, FLORIDA, AMENDING THE LAND DEVELOPMENT REGULATIONS OF THE TOWN AT ARTICLE IV, SUPPLEMENTAL REGULATIONS, DIVISION III, SECTION 3.02, SO AS TO MODIFY THE WATERFRONT SETBACK LINE; AMENDING EXHIBIT "C" WATERFRONT SETBACK LINE; PROVIDING FOR REPEAL OF ORDINANCES IN CONFLICT; PROVIDING FOR SEVERABILITY; PROVIDING FOR CODIFICATION; PROVIDING AN EFFECTIVE DATE.

The Town of Jupiter Island Commission will hold a public hearing on the proposed adoption of the ordinance.  The ordinance may be inspected or obtained at Town Hall.  The public hearing will be held on April 15, 2019[,] at 9:00 a.m., or as soon thereafter as the matter may be heard, at Town Hall, 2 Bridge Road, Hobe Sound, Florida, 33455.

All interested persons are invited to attend and be heard. Written comments may be filed with the Town of Jupiter Island for consideration.

The Town's minutes from the Town Commission's April 15, 2019, meeting indicate the following occurred at that meeting.  Ordinance 376 was on the agenda for "Second Reading."  The Town's Planning, Zoning, and Building administrator stated that "staff would like to postpone this

4

item until the May 7th Town Commission meeting in order to include new technology for determining the waterfront setback lines." A Town commissioner "made [a] motion to postpone the 2nd Reading of Ordinance No. 376 until the May 7th Town Commission meeting." Another Town commissioner seconded the motion. The Town Commission unanimously passed the motion.

Unlike the April 5, 2019, notice which the Town published in *The Stuart News* regarding the Town's proposal to adopt Ordinance 376 at the Town Commission's April 15, 2019, meeting, the Town did not then publish in *The Stuart News*—or in any other newspaper of general circulation in the Town—another notice of the Town's proposal to adopt Ordinance 376 at the Town Commission's May 7, 2019, meeting.

On May 3, 2019, the Town published by e-mail to all Town residents the draft agenda for the Town Commission's May 7, 2019, meeting. The draft agenda identified item 5 as "Ordinance No. 376 — Second Reading, Waterfront Setback Lines (WFSBL)." The agenda did not state that the Town Commission proposed to adopt Ordinance 376 at the May 7, 2019, meeting.

The Town's minutes from the Town Commission's May 7, 2019, meeting indicate the following occurred at that meeting. The Town's Planning, Zoning and Building administrator "stated that this would be the second reading of Ordinance No. 376, which was postponed at the April meeting to include an additional exhibit." The Town's Beach District director "added that this addition of the exhibit did not affect the first reading." The Town attorney read Ordinance 376 by title. A Town commissioner made a motion to adopt Ordinance 376. Another Town commissioner seconded the motion. The Town Commission unanimously passed the motion.

## 2. *The Plaintiff's Suit Against the Town*

On June 2, 2021—nearly two years after the Town had adopted Ordinance 376—the plaintiff filed suit against the Town for declaratory and injunctive relief, based on the Town's alleged failure to comply with the procedures stated in section 166.041(3)(c), Florida Statutes (2018).

The plaintiff later filed an amended complaint against the Town, alleging three counts. Count I sought a declaratory judgment to void Ordinance 376 based on the Town's alleged failure to comply with the notice requirements in section 166.041(3)(a), Florida Statutes (2018). Count I specifically alleged:

5

[Section] 166.041(3)(a)[, Florida Statutes (2018)] provides[:] "[Except as provided in paragraph (c),] a proposed ordinance [may be read by title, or in full, on at least 2 separate days and] shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. ***The notice of proposed enactment shall state the date, time, and place of the meeting***." *Id.* (emphasis added).

On April 5, 2019[,] the Town published notice in a[] ... [n]ewspaper [of general circulation in the Town] stating that the "Town ... Commission will hold a public hearing on the proposed adoption of [Ordinance 376] ... on April 15, 2019 ....

There was no second reading and final vote of approval on the Ordinance [at] the April 15, 2019 [public hearing]. At the request of the Town staff, and upon vote of the Commission, the public hearing for the second reading and adoption of Ordinance 376 was postponed.

The Town failed to publish notice "in a newspaper of general circulation [in the Town]" stating the correct date ... May 7, 2019 [...] for the public hearing at which the second reading would occur and the Ordinance would be adopted.

....

Strict adherence to the notice requirements of [s]ection 166.041(3)(a)[, Florida Statutes (2018)] is required or the ordinance is void. The Town's reason for adopting the Ordinance at a public hearing held on a date other than the date in the published notice (April 15, 2019) is irrelevant. The Town's adoption of the Ordinance at the May 7, 2019 hearing was in violation of [s]ection 166.041(3)(a), Florida Statutes [(2018)]; accordingly, the Ordinance is void *ab initio*.

(paragraph numbers deleted).

Count II, in the alternative, sought a declaratory judgment that the Town had adopted Ordinance 376 in violation of section 166.041(3)(c).

Count III, presupposing Ordinance 376's invalidity, sought injunctive relief "from the wrongful enforcement of the Town's Revised [Waterfront]

6

Setback Line and any resulting development anywhere in the Town relying upon the Revised [Waterfront] Setback Line" adopted in Ordinance 376.

Two family-owned entities—who sought to develop their respective beachfront properties in reliance upon the Town's revised waterfront setback line adopted in Ordinance 376—successfully moved to intervene ("the intervenors"). Pertinently, the intervenors' motion alleged:

> [T]he Plaintiff is seeking to invalidate, and have declared void *ab initio*, the Town['s] 2019 changes to the "Waterfront Setback Line" along the beach of a portion of [the Town]. Plaintiff contends that the Town somehow failed to provide him and the public with the "right kind of notice" before it passed the changes. Plaintiff advances this theory even though he was made well aware of the proposed changes to the "Waterfront Setback Line" in multiple ways.
>
> If the Plaintiff [prevails], the rights of [the intervenors] will be directly and adversely impacted. Specifically, the Town's [Impact Review Committee] recently reviewed and approved development applications for [property #1] (owned by [the first intervenor]), and [property #2] (owned by [the second intervenor]). Those approvals (which were given in reliance on the Town's 2019 Waterfront Setback Line) gave [the intervenors] the right to improve their valuable beachfront properties. An invalidation of the Waterfront Setback Line will impact those approvals.

(paragraph numbers and internal footnote deleted).

The Town and the intervenors filed their respective answers and affirmative defenses to the plaintiff's first amended complaint. Amongst other affirmative defenses, the Town and the intervenors asserted that the common law doctrines of laches and waiver barred the plaintiff's suit. *See* § 166.041(7), Fla. Stat. (2018) ("Without limitation, the common law doctrines of laches and waiver are valid defenses to any action challenging the validity of an ordinance or resolution based on failure to strictly adhere to the provisions contained in this section.").

### 3. *The Parties' Competing Summary Judgment Motions*

The parties then filed competing summary judgment motions. The Town's summary judgment motion—accompanied by the intervenors' similar motion—argued as follows regarding the plaintiff's Count I:

[T]he Town far exceeded all of the minimum notice requirements of [s]ection 166.041(3)(a)[, Florida Statutes (2018)]. [The Town] published advertised notice in THE STUART NEWS on April 5, 2019[,] that Ordinance 376 would be considered for second reading on April 15, 2019. The Town Commission met publicly on April 15, 2019[,] and, on Staff's recommendation, deferred second reading to May 7, 2019. No additional newspaper notice was required by statute, as Plaintiff now contends. When Ordinance 376 was adopted on May 7, 2019, the Town had provided more than 30 days of advertised notice, far more than the 10 days required.

....

... Plaintiff's allegation that "Plaintiff and their neighbors were denied the opportunity to review, discuss, challenge, or debate the Ordinance and Revised Setback Line on their property or anywhere else in the Town, due to the lack of required notice" is baseless. The Town kept Plaintiff, and all of its residents, continuously advised of the revisions to the Waterfront Setback Line and the adoption of Ordinance 376. Discovery now made part of the summary judgment record confirms that Plaintiff not only received, but had actual knowledge of the Town's numerous email communications including advance, actual notice of the March 18, ... April 15, ... and May 7, 2019[,] hearings considering and ultimately adopting Ordinance 376. If [Plaintiff] had taken the opportunity to appear, he indisputably would have been heard. Plaintiff made a voluntary decision not to appear and be heard, despite the requisite statutory notice and additional actual notice provided to him at every point in the process. That decision was his own. No basis exists to void Ordinance 376.

The plaintiff's summary judgment motion summarized his Count I argument as follows:

Section 166.041(3)(a), Florida Statutes [(2018)], required that the Town publish a notice of proposed enactment in a newspaper of general circulation, and such notice was required to state the date of proposed enactment. It is undisputed that *the only notice of proposed enactment published in accordance with the statute did not state*

8

***the correct date of the meeting at which Ordinance 376 was actually adopted: May 7, 2019.*** Thus, the Town failed to adhere strictly to the most basic notice requirements for the enactment of general ordinances—telling the public when it would be adopted. Ordinance 376 is thus void *ab initio*.

....

The Town's chief defense to its inexcusable failure is that Plaintiff[] waived [his] right to receive correct notice of the actual date of proposed enactment of Ordinance 376 .... The Town's arguments are all contrary to the evidence, which shows that Plaintiff[:] (1) had no actual notice of the date of the hearing at which the ordinance was adopted—May 7, 2019—until well after the ordinance was adopted and (2) did not attend the May 7, 2019[,] hearing. Instead, the Town asks this court to find waiver based on allegations (contrary to fact) that the plaintiff[] had, at most, a general awareness that the Town was evaluating the waterfront setback line. This argument fails as a matter of law; indeed, it is specious on its face, given the admissions by the commissioners who actually adopted Ordinance 376 that even the 2019 Commission— much less the Town's residents—were unaware that Ordinance 376 would ... permit[] ... [the intervenors'] development across thirteen parcels of undeveloped pristine dunes.

Finally, ... the defense of laches ... requires the Town to show that the plaintiff[] actually knew [he] had a claim and failed to assert it. As to this point, the only evidence of record is that once Plaintiff[] suspected [he] had a claim, Plaintiff[] communicated with the Town and the counsel for one of the Intervenors. Both the Town and the Intervenors' counsel informed Plaintiff[] in no uncertain terms of their view that no viable claim existed. As a matter of law, Plaintiff[] did not unreasonably delay in asserting a claim that the Town and Intervenors persuaded [him] not to file sooner.

(internal citations, footnotes, and exhibit references deleted).

### 4. *The Circuit Court's Ruling*

At the conclusion of a hearing on the parties' competing summary judgment motions, the circuit court orally ruled:

> I'm granting the summary judgment for the Intervenors and the Town. I don't think the ordinance changed what it needed to change for [section 166.041(3)(c)'s procedures] to be required. I think the notice that was given is sufficient [under section 166.041(3)(a)]. And ... as to waiver and [l]aches, ... those types of issues are very fact intensive, involving such things as reliance, who knew what when, so I'm not granting the summary judgment on those points.

Later, the circuit court entered its written order which, in accordance with its oral ruling, found: (1) as to Count I, the Town had complied with section 166.041(3)(a)'s notice requirements; (2) as to Count II, the Town was not required to have complied with section 166.041(3)(c)'s procedures; and (3) "[b]ecause ... Count III requires a finding in Plaintiff's favor as to Counts I or II, which th[e] Court has not so found, Plaintiff is not entitled to the injunctive relief sought therein."

More specifically as to Count I, the circuit court's written order found:

> The Plaintiff's contention that the Town failed to comply with section 166.041(3)(a) ... by failing to publish a second notice of Ordinance 376 and, specifically, to separately publish notice of the continued May 7, 2019 meeting at which Ordinance 376 was adopted, is based on a flawed interpretation of the relevant statute. Section 166.041(3)(a) ... merely requires that a proposed ordinance be noticed once, "at least 10 days **prior to adoption**"; it does not — as Plaintiff argues — require 10-day notice of the hearing **at which the ordinance is adopted.** Indeed, adopting Plaintiff's argument would require a municipal board like the Town Commission to stop its work and republish newspaper notice rather than defer hearing by 24 hours or as otherwise permitted by section 286.011[,] Florida Statutes[,] if unable to reach a proposed ordinance on a busy agenda. The actions of the Town in relation to the adoption of Ordinance 376 complied with the minimum requirements established by section 166.041(3)(a) ....

> The Court likewise rejects the assertion that the continuation of the April 15 meeting to May 7 deprived Plaintiff of statutory notice of a public hearing on Ordinance 376. ... [T]he Town provided proper notice of the public hearing on April 15, 2019, during which residents in

10

attendance were given the opportunity to comment. Further, residents in attendance were notified—on the record—that the second reading of Ordinance 376 would be deferred to the May 7 Town Commission meeting, at which yet another opportunity to be heard was provided. The law requires nothing further.

(paragraph numbers, citations, footnotes, and exhibit references deleted).

The circuit court's written order also addressed the Town's and the intervenors' laches and waiver defenses under section 166.041(7):

> While this Court does not need to reach the defenses … given its conclusion that the Town complied with Florida law in connection with the adoption of Ordinance 376, the Court does find that summary judgment on these two defenses would be improper for either party because issue[s] of fact remain.

The court later entered final judgment in accordance with its summary judgment order. From that final judgment, the plaintiff filed this appeal.

### 5. *Our Review*

Our review is de novo. *See Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (review of an order granting a motion for summary judgment is de novo); *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013) ("The issue before this Court is a matter of statutory construction, which we review de novo."). Because this case was decided under the new Florida Rule of Civil Procedure 1.510, summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a) (2021).

"[O]rdinances which fall within the ambit of section 166.041(3) … must be strictly enacted pursuant to the statute's notice provisions[.]" *Coleman v. City of Key West*, 807 So. 2d 84, 85 (Fla. 3d DCA 2001). Thus, if an ordinance is not strictly enacted pursuant to section 166.041(3)'s notice provisions, the ordinance is "null and void." *Id.*

Here, the primary issue is whether the Town strictly complied with section 166.041(3)(a)'s notice requirements in advance of the Town Commission's adoption of Ordinance 376 on May 7, 2019, when:

11

1. the Town published an April 5, 2019, notice—in a newspaper of general circulation in the Town—stating the Town's proposal to enact Ordinance 376 at the Town Commission's April 15, 2019, meeting, "or as soon thereafter as the matter may be heard;"

2. at the Town Commission's April 15, 2019, meeting, the Town Commission voted "to postpone the 2nd Reading of Ordinance No. 376 until the May 7th Town Commission meeting;"

3. the Town did not publish a notice—in a newspaper of general circulation in the Town—stating the Town's proposal to enact Ordinance 376 at the Town Commission's May 7, 2019, meeting;

4. instead, on May 3, 2019, the Town published by e-mail to all Town residents the draft agenda for the Town Commission's May 7, 2019, meeting, identifying item 5. as "Ordinance No. 376 — Second Reading, Waterfront Setback Lines (WFSBL);" and

5. the Town had properly noticed the Town Commission's May 7, 2019, meeting in compliance with the Sunshine Act, section 286.011, Florida Statutes (2018).

Given those five facts, we conclude the Town did not strictly comply with section 166.041(3)(a)'s notice requirements in advance of the Town Commission's adoption of Ordinance 376 on May 7, 2019.

Our conclusion rests upon the Florida Supreme Court's pronouncement in *American Home Assurance Co. v. Plaza Materials Corp.*, 908 So. 2d 360 (Fla. 2005):

> [I]t is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage. Further, a basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless.

*Id.* at 366 (internal citations and quotation marks omitted).

Here, to give significance and effect "to every word, phrase, sentence, and part of" section 166.041(3)(a), and to avoid rendering any part of section 166.041(3)(a) meaningless, we conclude section 166.041(3)(a)

12

addresses only the meeting at which the proposed ordinance is to be enacted. Section 166.041(3)(a) simply does not address the possibility, as occurred here, of a proposed ordinance's enactment being postponed from one meeting to another, with notice of the proposed ordinance's enactment being directed to only the earlier meeting, and not the later meeting. Nor does section 166.041(3)(a) provide that a notice of proposed enactment stating one meeting's date, time, and place, suffices to provide notice of proposed enactment at another meeting's date, time, and place.

The most significant word within section 166.041(3)(a) is perhaps our vocabulary's most simple word—"the." The word "the" modifies several words and phrases within section 166.041(3)(a) to indicate that section 166.041(3)(a) addresses only the meeting at which the proposed ordinance is to be enacted. To demonstrate our point, we emphasize section 166.041(3)(a)'s use of the word "the" as follows:

> Except as provided in paragraph (c), a proposed ordinance may be read by title, or in full, on at least 2 separate days and shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. **The** notice of proposed enactment shall state **the** date, time, and place of **the** meeting; the title or titles of proposed ordinances; and the place or places within the municipality where such proposed ordinances may be inspected by the public. **The** notice shall also advise that interested parties may appear at **the** meeting and be heard with respect to the proposed ordinance.

§ 166.041(3)(a), Fla. Stat. (2018) (emphases added).

As shown above, the word "the" modifies "**the** notice of proposed enactment" and "**the** date, time, and place" of "**the** meeting." All of these words and phrases are in the singular—that is, referring to only a single notice of proposed enactment, at a single meeting, at a single date, time, and place. Thus, a notice of proposed enactment is effective for only the meeting for which the meeting's date, time, and place are stated in the notice. The notice of proposed enactment is not effective for another meeting date—regardless of the reason why the proposed enactment may have been postponed from the noticed meeting date to another date.

We are not convinced, as the circuit court found, that section 166.041(3)(a) should be interpreted as having been satisfied upon a municipality having noticed a proposed enactment once in a newspaper of general circulation in the municipality "at least 10 days prior to adoption,"

whenever that adoption may ultimately occur. Such an interpretation does not give significance and effect to "every word, phrase, sentence, and part of" section 166.041(3)(a)—specifically, "the date, time, and place of the meeting." Rather, the circuit court's interpretation transforms that phrase into useless and meaningless surplusage. That result arises because, under the circuit court's interpretation, "the date, time, and place of the meeting," as provided in a notice of proposed enactment, becomes irrelevant as long as a municipality notices a proposed enactment once in a newspaper of general circulation in the municipality "at least 10 days prior to adoption," regardless of whether that adoption ultimately occurs 10 days in the future, 10 weeks in the future, or 10 months in the future.

Our conclusion is not altered by the remaining four facts that: (1) the April 5, 2019, notice of proposed enactment stated the public hearing on the proposed adoption of Ordinance 376 would be held on April 15, 2019, "*or as soon thereafter as the matter may be heard*"; (2) at the Town Commission's April 15, 2019, meeting, the Town Commission voted "to postpone the 2nd Reading of Ordinance No. 376 *until the May 7th Town Commission meeting*"; (3) on May 3, 2019, the Town published by e-mail to all Town residents the draft agenda for the Town Commission's May 7, 2019, meeting, identifying item 5. as "Ordinance No. 376 — Second Reading, Waterfront Setback Lines (WFSBL)"; or (4) the Town had properly noticed the Town Commission's May 7, 2019, meeting in compliance with the Sunshine Act, section 286.011, Florida Statutes (2018). Despite those facts, the Town's intent to adopt Ordinance 376 at the Town Commission's May 7, 2019, meeting still required the publishing of a notice—in a newspaper of general circulation in the Town, stating the proposed enactment of Ordinance 376 would occur at the Town Commission's May 7, 2019, meeting—to comply with section 166.041(3)(a)'s plain language.

In reaching our conclusion, we note that the case upon which the plaintiff primarily relies, *Healthsouth Doctors' Hospital, Inc. v. Hartnett*, 622 So. 2d 146 (Fla. 3d DCA 1993), was not controlling upon the circuit court. In *Healthsouth*, as in the instant case, "there was no newspaper publication of notice of the City Commission meeting at which adoption of the ordinance took place. Accordingly, the ordinance [was] null and void because the City failed to follow the mandatory notice requirements of Section 166.041(3)(a)." *Id.* at 148. However, *Healthsouth* did not indicate whether the City had provided newspaper publication of notice of <u>an earlier meeting</u> at which adoption of the ordinance was supposed to take place. In the instant case, that additional fact of such prior notice created an issue of first impression for the circuit court—and us—to determine here.

We also note that our construction of section 166.041(3)(a) is not dependent upon, and has not been determined by, our construction's practical ramifications, which both amicus briefs have requested us to consider.

However, if we were required to have considered our construction's practical ramifications, then we are more persuaded by the reasoning stated in the First Amendment Foundation's amicus brief.

Although the First Amendment Foundation's reasoning relies upon the purposes of the Sunshine Act, section 286.011, Florida Statutes (2018), that reasoning equally supports our construction of section 166.041(3)(a), Florida Statutes (2018). We adopt the First Amendment Foundation's reasoning here:

> [T]o allow a meeting noticed for a specific date, time and location to be rescheduled for a future date without additional notice would limit access to the future meeting to only those individuals who attended the initial meeting. Accordingly, this leaves to chance that interested members of the public who happened to be in attendance at the properly noticed meeting would receive notice of the future meeting. Leaving public participation in governmental meetings to chance due to inadequate notice is not the intent of the Sunshine Law and is incongruent with good governance.
>
> Providing published notice of the adoption of an ordinance ensures that all interested members of the public are aware of the adoption of a municipal ordinance, rather than limiting notice to individuals who, by chance, happened to be present at the properly noticed meeting.

(internal citations and quotation marks omitted).

We are not persuaded by the arguments for affirmance articulated by amici Florida League of Cities, Treasure Coast Regional League of Cities, and The Palm Beach County League of Cities ("the Leagues"). The Leagues argue, in pertinent part:

> The [circuit] court's decision affirms the longstanding practice of local governments throughout Florida, whereby proposed ordinances that are duly advertised pursuant to section 166.041(3)(a), Florida Statutes [(2018)], but which are continued on second reading for consideration at a

15

subsequent public meeting, are not required to be readvertised.

....

[This] Court's disposition of this appeal could impact every local government in Florida. Local governments do not routinely continue consideration of ordinances on second reading to a third or subsequent public meeting, but sometimes circumstances may require them to do so. ....

....

If the Legislature intended for an ordinance to be re-advertised as [the plaintiff] suggests, it could have used express words to indicate such intent, as it has done in other statutes. ....

In our view, if the longstanding practice of local governments is that proposed ordinances can be advertised for adoption at one date, time, and place, but can be postponed for adoption to another date, time, and place without being re-advertised, then we conclude that practice does not comply with section 166.041(3)(a)'s plain language, as explained above.

Further, even if the Legislature could have used express words in section 166.041(3)(a) to more clearly articulate its intent for a proposed ordinance adoption to be re-advertised when postponed to another date, time, and place, such an omission does not conclusively support the Leagues' converse interpretation that re-advertisement is unnecessary. Rather, the duty has fallen upon us to interpret section 166.041(3)(a), as written, in such a manner as to give significance and effect to "every word, phrase, sentence, and part of the statute" and "avoid readings that would render part of a statute meaningless." *Am. Home*, 908 So. 2d at 366. By our interpretation here, section 166.041(3)(a) requires re-advertising.

### *Conclusion*

On the plaintiff's Count I, we reverse that portion of the circuit court's final judgment granting the Town's and the intervenors' summary judgment motion. However, we do not remand for the entry of a final judgment in the plaintiff's favor on Count I. Rather, we remand for a trial on the Town's and the intervenors' affirmative defenses of laches and waiver because, as stated above, the circuit court found "summary judgment on these two defenses would be improper for either party

16

because issue[s] of fact remain." Although we remand for the circuit court to determine the merits of these two defenses, we take no position as to either defense's merits in this case.

On the plaintiff's Count II, we affirm that portion of the circuit court's final judgment finding the Town need not have complied with section 166.041(3)(c)'s procedures before adopting Ordinance 376.

On the plaintiff's Count III, we reverse that portion of the circuit court's final judgment in the Town's and the intervenors' favor, because the disposition of Count III is dependent upon the ultimate disposition of the plaintiff's Count I. We remand on Count III accordingly.

*Affirmed in part, reversed in part, and remanded with instructions.*

KLINGENSMITH, C.J., and ARTAU, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

17